MEMPHIS & CHARLESTON RAILROAD COMPANY et al.
v. ED. JOHNSON.

APPEALS.  *Power of court over.*  A court has no power to set aside a judgment from which no appeal has been taken within thirty days, and render a new judgment for the purpose of allowing an appeal.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

POSTON & POSTON for Railroad Company.

B. B. BARNES for Johnson.

COOKE, J., delivered the opinion of the court.

By the act of 1885, chapter 65, section 1, it is

provided, "that hereafter when an appeal, or an appeal in the nature of a writ of error, is prayed from a judgment or decree of an inferior court to the Supreme Court, the appeal shall be prayed for and appeal bond shall be executed, or the pauper oath taken within thirty days from the judgment or decree, if the court holds so long; otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit, or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment, but in no case more than thirty days additional."

By section 2 of said act, it is provided, "that in all cases where the appeal has not been prayed for within the time prescribed by the first section of this act, the judgment or decree may be executed." And by section 3 the act was made to take effect from and after its passage.

On September 29, 1885, the defendant in error, Johnson, recovered a judgment against the plaintiffs in error, in the circuit court of Shelby county, for $1,200, said cause having been tried by the court without the intervention of a jury.

On October 13, 1885, the plaintiffs in error tendered their bill of exceptions, which was signed and sealed by the court, and made part of the record in the cause. But, so far as this record shows, no appeal was either prayed or granted, and no appeal bond was executed or oath taken, and on November 2, 1885, the plaintiff below, Johnson, caused execution to be issued upon said judgment and placed in the

Railroad Company *v.* Johnson.

hands of the sheriff of Shelby county, the term of the court having still continued.

On October 3, 1885, "it being shown to the court," as the record recites, "that, by inadvertence of defendants' counsel, their appeal was not perfected within the thirty days required by the act of 1885, it was ordered that said judgment, rendered herein September 29, 1885, be set aside and for naught held, and that said judgment be and the same is now rendered in favor of the plaintiff, and his damage assessed at $1,200." And formal judgment was thereupon rendered against said defendant company for said sum, and execution awarded. The court also made an order quashing the execution issued upon the judgment rendered on September 29, 1885, and which the court had undertaken to set aside, as above stated.

The defendants below moved the court for a new trial upon this last judgment, rendered November 3, 1885, which motion was overruled, and an appeal from this judgment was, on the same day, prayed and granted and appeal bond executed, and an order made that the bill of exceptions filed October 13, 1885, to said Judgment of September 29, 1885, be refiled as of the date of said last judgment, and stand as the bill of exceptions, showing all proceedings, etc., had in arriving at said judgment rendered November 3, 1885, said last named judgment having been rendered, as the entry states, upon the same evidence and same proceedings as the first. "The first judgment having been set aside and formally re-entered in order to permit an appeal to be taken after the expiration of

the thirty days limited by act of 1885, the court finding that the failure to take it within the thirty days was an oversight of defendant's attorneys." The defendant in error has moved to dismiss this appeal, having also filed the records for writ of error.

The general doctrine is unquestionable, that the judgments and decrees of courts of record are under the control of the court during the continuance of the term at which they are rendered, but we think the effect of the statute of 1885, above cited, was to take away this control over judgments and decrees after the expiration of thirty days from their rendition, where no appeal is prayed and granted, and no appeal bond executed or oath in lieu thereof taken, or application made, within that time, for the extension of the same, as required by the first section of said act, although the term may continue longer, and such was the manifest intention of the Legislature. We hold, therefore, that his Honor, the circuit judge, had no power to set aside said judgment, rendered September 26, 1885, or to quash said execution, any more than he would have had at a subsequent term of the court. And as is affirmatively shown by the recitals of the record, above cited, said original judgment was attempted to be set aside and a new judgment attempted to be rendered solely for the purpose of granting an appeal to the defendants below, to which they were not entitled by law, and no subsequent trial, in fact, was had, the entire proceedings subsequent to the signing said bill of exceptions, on October 13, 1885, were *coram non judice* and void.

Whitelaw *v.* Railroad Company.

Said motion will, therefore, be sustained, said appeal dismissed and a *procedendo* awarded to said circuit court to collect said judgment of September 29, 1885, which remains in full force.