## EVELYN LIGGINS v. IKE PADAWER.

Western Section. October 23, 1931.

Petition for Certiorari denied by Supreme Court, March 5, 1932.

J. O. Bomer, Jr., of Memphis, for plaintiff in error.

Lake Hays, of Memphis, for defendant in error.

OWEN, J. Evelyn Liggins, the plaintiff below, has appealed from a judgment of the lower court, denying her motion to take a nonsuit. The bill of exceptions shows that the following took place in the lower court:

EVELYN LIGGINS

vs    #69519 T. D.

IKE PADAWER

### BILL OF EXCEPTIONS.

After the court had charged the jury and after the jury had been in the jury room for several hours, considering the verdict, the jury returned to the jury box and asked the judge to instruct them as to who would win if neither party was guilty of any negligence, to which the judge replied that in that event the defendant would win, because unless the defendant was guilty of negligence, the defendant was not liable.

The jury left the court room, and retired to jury room to further consider verdict, and the judge thereupon left bench and went into the clerk's office and sat down. Within a very few minutes thereafter the sheriff reported to the judge that the jury was ready to report, whereupon judge immediately started for court room. Whereupon counsel for plaintiff met the judge in the corridor and requested him in the corridor of the court house to grant a voluntary nonsuit, to which the judge replied "all right" and went back

into the court room, by which time the jury had returned to the jury box. The court then asked counsel for plaintiff what counsel for plaintiff desired to do, whereupon in the court room, counsel for plaintiff asked for a voluntary nonsuit.

Whereupon the judge stated that he was in doubt as to whether plaintiff had a right to take a nonsuit or not but would receive the verdict of the jury and would hear plaintiff on a motion made at a later date, upon his request for a nonsuit.

Foreman of the jury thereupon handed its verdict to the judge which verdict read "We the jury find for the defendant." The verdict was entered on judge's docket and the jury excused.

On the next motion day under the rules of the court plaintiff moved the court for a nonsuit notwithstanding the verdict for the defendant, which after hearing argument of counsel, was denied by the court and to which action of the court the plaintiff then and there excepted and prayed an appeal which was granted conditioned upon the plaintiff taking the pauper's oath as required by law.

Plaintiff tenders this her bill of exceptions to the action of the trial court overruling her motion for a voluntary nonsuit, which is signed, sealed and ordered made a part of the record in this cause.

This May 16, 1931.

A. B. Pittman, Judge.

From the judgment of the court, disallowing the motion for a nonsuit, the plaintiff has appealed, no motion for a new trial was made, notwithstanding the plaintiff's failure to make a motion for a new trial, we will consider the two assignments of error which raise but one question, and that is that the court erred in not entering a voluntary nonsuit.

Shannon's Code, Section 4689 provides as follows:

"NONSUIT BEFORE JURY RETIRES: But defendant may elect to proceed on set-off.—The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has pleaded a set-off or counterclaim, he may elect to proceed on such counterclaim, in the capacity of a plaintiff."

In 14 Cyc., p. 402, paragraph 6, the rule is stated as follows:

"6. After Submission to Court or Jury or Retirement of Jury. Both classes of statutes mentioned in the preceding section are very generally construed to mean that plaintiff is not entitled as of right to dismiss or take a nonsuit after the cause has been submitted to the jury or the court trying the case as a jury, or what amounts to the same thing (in case of trial by jury) after retirement of the jury."

"So it has been held that if the court has given the cause in charge to the jury for their consideration, even though they

remain in the box, this constitutes a retirement within the meaning of the statutes."

Our Supreme Court, in Railroad v. Sansom, 113 Tenn., 683, 84 S. W., 615, speaking through Mr. Justice Neil, held as follows:

"The first theory advanced for the defendant in error is that the case remained before the jury notwithstanding the demurrer to the evidence, and that the right to take a nonsuit had not been lost, because it does not appear that the jury had retired from the box at the time the motion was made. The theory advanced for the plaintiff in error is that, when issue was joined on the demurrer to the evidence the case was taken from the jury, and at once became a matter to be tried before the court; and that, when the argument was concluded, the case was thereby finally submitted to the court, and it was then too late to take a nonsuit.

"We are of the opinion that the position of the defendant in error is untenable. Reading sections 4689 and 4690 together, it is perceived that by the retiring of the jury is meant the point of time when the case is submitted to them 'to consider of their verdict.' The reference is to the practice of the actual withdrawal of the jury from the box for the purpose indicated. Sometimes, however, after the argument is closed, and all instructions have been delivered to them, the jury are permitted to make up their verdict in the box without an actual retiring for the purpose. We are of opinion the legislature intended that the right to take a nonsuit in a jury case should finally cease when the jury should properly begin 'to consider of their verdict,' under the law as above stated, whether there should be an actual withdrawal from the jury box or not. The substance of the matter is that there shall be no nonsuit allowed after a case has been fully committed to the consideration of the jury."

This doctrine and holding has been approved in Dodd v. Railroad, 120 Tenn., 440, 110 S. W., 588; Cunningham v. Memphis Railroad Terminal Co., 126 Tenn., 343, 149 S. W., 103; Barnes v. Noel, 131 Tenn., 126, 174 S. W., 276; Brackin v. McGannon, 137 Tenn., 207, 192 S. W., 922; Darby v. Pidgeon-Thomas Iron Co., 144 Tenn., 298, 232 S. W., 75.

In the instant case we are of the opinion that the motion came too late. The bill of exceptions shows plainly that the jury left the court room and retired to the jury room to consider their verdict, that they came into the main court room after considering their verdict and asked for further instructions, and again retired to further consider their verdict, and while they were considering their verdict, the judge retired from the bench, went out into the

clerk's office and sat down, and while there seated he received information that the jury was ready to report. The judge started for the court room, met plaintiff's attorney in the corridor and plaintiff's attorney asked the court to grant his client a voluntary nonsuit. The court answered "all right," evidently meaning, I will hear your motion when I get back on the bench. When the judge mounted the bench, the jury was in the court room ready to report its verdict for the defendant.

We hold that the plaintiff's motion came too late. The jury not only had retired to consider their verdict, but had reached a verdict for the defendant and the jury was ready to make its report. The trial judge was on his way from the clerk's office to the court room to receive the verdict when he first received notice that a motion would be made to take a voluntary nonsuit. Plaintiff was too late, the assignments of error are overruled, the judgment of the lower court is affirmed, execution will issue against the plaintiff for the costs of the cause, she having been permitted to appeal by executing the pauper's oath.

Heiskell and Senter, JJ., concur.