## JOHN P. BEENE v. D. E. COOK.
## K. D. PYBURN v. D. E. COOK. —311 S. W. (2d) 596.

Middle Section at Nashville. December 20, 1957.

Petition for Certiorari denied by Supreme Court March 4, 1958.

Raulston, Raulston & Swafford, Jasper, for plaintiffs.

A. A. Kelly, So. Pittsburg, F. M. Ingle, Chattanooga, for defendant.

I

SHRIVER, J. The parties will be referred to as plaintiffs and defendant as they appeared in the Court below.

These two actions of damage arose from the same accident and were tired together and have been consolidated for this appeal.

There were two trials of these cases in the Court below. At the first trial, after the jury had retired to consider

its verdict, the plaintiffs moved the Court for a leave to take a non-suit and said motion was granted.

Defendant insists that this action resulted in a dismissal of the causes with prejudice and that the rights of action of the plaintiffs were at an end. However, the trial Judge, on motion of attorneys for plaintiffs, subsequently entered an order of mistrial setting aside the order of non-suit and restored the cases to the trial docket.

Defendant prayed an appeal and filed a wayside bill of exceptions and has assigned errors in the first trial.

After the cases were restored to the trial docket they were again tried at a subsequent term of Court, resulting in verdicts and judgments for the plaintiffs, from which defendant appealed in error to this Court and has assigned errors in the second trial.

## II

We will first consider the wayside bill of exceptions and the assignments of errors in the first trial.

1. Counsel for defendant Cook assigned as error the action of the Court in restoring these causes to the trial docket after entering orders of non-suit on the motion of plaintiffs. It is insisted that the Court was without jurisdiction to vacate the order of dismissal and enter an order of mistrial restoring the causes to the docket because Sec. 20-1311, T. C. A. provides that a plaintiff may, at any time before the jury retires, take a non-suit or dismiss his action as to any one or more of the defendants and, since the motion to dismiss was granted after the jury retired, it operated as a dismissal with full prejudice.

▮ There are numerous cases in Tennessee that hold that a non-suit cannot be taken after the jury has retired to consider its verdict. See Nashville, C. & St. L. Railway Co. v. Sansom, 113 Tenn. 683, 84 S. W. 615; Liggins v. Padawer, 14 Tenn. App. 201, and many cases shown in the notes under the above Code Section.

It is insisted by able counsel for the defendant that the procedure followed by the Court in this case of restoring the cause to the docket after discovering the error involved in granting a non-suit, should not be approved by this Court but that, under the foregoing Code Section and the decisions interpreting same, it should be held as a matter of law that the dismissal foreclosed the right of the plaintiffs to reinstitute their actions.

While there is much merit in the arguments of learned counsel for defendant, it might be considered that the Court was without jurisdiction to grant an order of non-suit as was done, since it was the evident intent and purpose of counsel for plaintiffs, as well as the purpose of the Court, to simply grant a non-suit, over-looking the fact that such application for non-suit came too late.

In Wright v. Dorman, 155 Tenn. 189, 291 S. W. 1064, it was held that the power of a trial Court over its judgment, no appeal having been perfected, does not expire for 30 days from the rendition thereof.

In McCanless v. State Ex rel. Hamm, 181 Tenn. 308, 181 S. W. (2d) 154, 153 A. L. R. 832, it was said that during the 30 day period in which the Court retains control of its decrees it has the power to set aside its judgment and grant an appeal, although the appeal has been perfected by the execution of an appeal bond or otherwise, citing Memphis & Charleston R. Co. v. Johnson, 84 Tenn. 387.

In the opinion in the McCanless case, supra [181 **Tenn.** 308, 181 S. W. (2d) 155], Mr. Chief Justice Green, who delivered the opinion of the Court, quoted with approval from Gibson's Suits in Chancery, Chambliss Ed., Sec. 1262, as follows:

"But at all times during the term, if within thirty days after its entry, the decree is under the control of the court; and may, during that period, be modified or even vacated; or the order granting an appeal, during the same period, be vacated or modified."

See Section 1326 Gibson's Suits—Crownover—5th Ed.

We are of opinion that the Court had authority to set aside the erroneous order of non-suit within 30 days from the time it was entered, and to restore the causes to the docket, as was done in the instant case.

It results that assignment No. 1, under the Wayside Bill of Exceptions, is overruled.

2. Assignment No. 2, under the Wayside Bill, is that there was no evidence to support a verdict for the plaintiff, since all the evidence showed that the defendant was not guilty of any actionable negligence which was the proximate cause of plaintiffs' injuries and damages. It is, therefore, urged that the trial Court erred in not granting the defendant's motion for a directed verdict at the conclusion of the evidence in the first trial. This will necessitate an examination of the evidence introduced at that trial.

Plaintiff, John P. Beene, brought suit against defendant D. E. Cook for $20,000 damages for personal injuries. The declaration alleges that the defendant Cook was

driving a Buick automobile owned by Hobart Merritt (an uncle of Cook); that Merritt was in the automobile in an intoxicated condition; that Cook parked the automobile on a slight incline headed towards a fish box at the side of the building known as Pyburn Fish Market; that Cook got out of the car and purchased fish from Pyburn which plaintiff Beene was in the process of cleaning when he was injured by the automobile in question which ran forward and struck him. The negligence alleged against Cook was his failure to properly park or secure the automobile in its position, thus allowing it to run down the incline and strike the plaintiff.

To this declaration defendant Cook filed a plea of the general issue.

Defendant Pyburn brought suit in a Justice of the Peace Court for $750 property damage, which case was appealed to the Circuit Court by the defendant Cook from an adverse judgment. The allegations contained in the Magistrate's warrant are that, on Oct. 15, 1955, the defendant D. E. Cook was driving a Buick automobile and that he parked said automobile on a slight incline with the front of the vehicle on a downward grade toward the Pyburn fish box. Riding with the defendant Cook was one Hobart Merritt who was the owner of the automobile but who was unable to drive same because of being in a very intoxicated condition.

It is alleged that the defendant Cook, parked the automobile, got out of same, and was in the act of purchasing fish from the plaintiff, Pyburn, when the said Merritt started racing the motor in the automobile and trying to manipulate the gear shift. The car was parked pointing directly toward the fish box where a group of men

were standing. When the said Merritt began racing the motor to the automobile, the defendant Cook did not make any effort to stop him from doing same or from manipulating the gear shift. It is averred that the defendant Cook was negligent in the fact that he parked the said automobile on a slight incline downward toward the Pyburn fish box, left the engine running, well knowing that Merritt was in the vehicle in a drunken condition so as not to be responsible for his actions.

It is further averred that the defendant was negligent in the fact that he knew or should have known that, in the event the drunken Merritt got the vehicle into gear, it would run directly toward the men standing around the fish box and might cause great damage in so doing.

It is alleged that the car did start and run into and against the Pyburn fish box completely demolishing same and releasing some 200 pounds of marketable fish worth 50¢ a pound and about 1,000 minnows worth 60¢ a dozen, wherefore, plaintiff sued defendant for $750 damages.

Was there any competent evidence to sustain these charges of negligence?

Plaintiff Pyburn testified that he was present and saw D. E. Cook drive up to his place of business where he parked the automobile in question about 30 or 40 feet in front of the fish box, on a little knoll with the car headed directly toward said fish box which was somewhat downgrade from the front of the car. He testified that Cook got out of the car and left the motor running and went down where plaintiff and others were and bought some fish.

He further testified that plaintiff, John Beene, was engaged in cleaning the fish that Cook had bought when the accident occurred; that Cook left a man in the car whom he said was his uncle, and this man who was left in the car began racing the motor; that Cook called to him, "Leave the Damn thing alone", and then turned around and said to him and the others present "That's my uncle. He's drunk as hell". Shortly afterwards he looked up and saw the car as it "came roaring into the fish box". He again testified:

"Q. You say he left it parked there on a little knoll? A. Yes, sir.

"Q. And left the motor running? A. Yes, sir."

He also said that the man left in the car did not get out until after it ran into the fish box and into the plaintiff Beene, but that he and Cook pulled this man out of the car after the wreck, and that he (the man in the car) was drunk.

Plaintiff Pyburn testified substantially to the same facts, saying that Cook was driving the automobile when they came up to the place and parked it at the top of a little knoll; that he got out of the car and walked down and asked if they had any fish; that he left another man in the car, and did not go back to it but stayed around where the fish were being cleaned; that he heard the motor racing and the next thing he knew the car suddenly came down the hill and struck the fish box and him.

·After a motion for a directed verdict on behalf of defendant was overruled, Cook was called to testify. He stated that he and his uncle had driven over into the area where the accident happened, to go squirrel hunting but

not having any success in finding squirrels they stopped at Pyburn Fish Market to buy some fish. He stated that his uncle had some drinks but denied that he was drunk. He stated that the place where he parked was level "to about middle ways and from there it sloped slightly toward where the fish box was located"; that the rear wheels were parked on flat ground; that he pulled up and stopped the car and turned the ignition off and put the gears in a locked position. That the transmission on the car was of such design that by setting the gearshift lever in a certain position it would lock the car and prevent it from moving.

It is to be noted he did not say that he pulled up or set the hand brake on the car. He stated that his uncle got out of the car, getting out on the left-hand side under the steering wheel, since they had their guns stacked against the right door. He denied that he left the motor running.

On cross-examination he stated that the front wheels were on a down grade and when asked if he set the brakes he answered, "I set the gear". When asked why he did not set the brakes he answered, "I am not in the habit of setting the brakes". And he didn't know whether the emergency brake on his car was in good condition or not. He further stated that he left it in low gear or forward gear; that if it had been put in reverse instead of forward gear and the engine started, it would not have run into the plaintiffs.

On the above facts, we are of the opinion that there was sufficient evidence of negligence on the part of the defendant Cook to warrant submission of the case to the jury.

Chap. 8, of Title 54, Sec. 59-801, T. C. A., entitled "Operation of Vehicles—Rules of the Road" defines *Driver* as, "Every person who drives or is in actual physical control of a vehicle."

*Operator* is defined as "Every person, other than a chauffeur, who drives or is in actual physical control of a motor vehicle upon a highway or who is exercising control over or steering a vehicle being towed by a motor vehicle."

Sec. 59-863 is as follows:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway."

While this last section probably does not apply where the vehicle is parked off a public road or street, nevertheless, it is indicative of what constitutes due care in parking and leaving a vehicle unattended, especially at a place frequented by the public as is the case here.

■ Defendant Cook, as the driver or operator of the automobile in question, was charged with the duty of exercising reasonable care in parking it. If he left it with the motor running and with the front end on a down grade headed for the fish box and the men assembled there, without setting the brakes, certainly it cannot be successfully argued that he was free from negligence. And there is evidence in the record from which the jury might have found these facts to be true. We must take the strongest legitimate view of the evidence favorable

to the verdict in passing on it here. Tallent v. Fox, 24 Tenn. App. 96, 141 S. W. (2d) 485 and many cases.

It results that assignment No. 2, based on the Wayside Bill of Exceptions is overruled.

### III

The second trial of these causes before the Court and jury resulted in a verdict and judgment in favor of plaintiff, Beene, in the amount of $6,000, and in favor of Pyburn in the amount of $250.

Defendant's motion for a new trial in each case made at the conclusion of the plaintiffs' proof, was overruled and the defendant rested, electing to put on no proof in this second trial.

The facts testified to by the plaintiffs and their witnesses were substantially the same in the second trial as in the first.

After the Beene case was restored to the trial docket plaintiff was allowed to amend his declaration so as to add a second count charging that the defendant Cook was guilty of negligence in that he knew that said Hobart Merritt was drunk, and knew, or should have known, that leaving the automobile so parked that its drunken occupant could set it in motion, would be likely to endanger plaintiff's life or to cause him great bodily injury. He further charged that, under the circumstances, defendant did not exercise reasonable care and caution in parking the automobile and as a result the said Hobart Merritt in his drunken and irresponsible condition did release the brakes or enmesh the gears of the automobile, or in some manner caused it to run into and against plaintiff

inflicting upon him the injuries as alleged in the first count and causing his damage as therein detailed.

The plea of the defendant in both cases was that of the general issue.

The Court sustained the defendant's motion for a directed verdict as to this second count of the declaration and to similar charges in the Pyburn case, but overruled the other grounds of the motion. In the Beene case the Court overruled all grounds of the motion for a new trial except the ground complaining of the excessiveness of the verdict, and responding thereto, suggested a remittitur of $1,500, which remittitur was accepted under protest and judgment entered in favor of plaintiff Beene for $4,500.

Plaintiff filed motions for a new trial on the ground that the Court was in error in directing a verdict in favor of defendant as to the second count of the declaration in the Beene case and as to the same grounds in the Pyburn case, and prayed and were granted an appeal but no appeal was perfected and no assignments of error were filed on behalf of the plaintiffs.

## IV

Defendant's Assignments of Error on Second Trial.

There is one assignment as follows:

"The Court, in both the Beene and Pyburn cases, erred in overruling the third ground of defendant's motions, for a new trial which were as follows:

" 'The Court erred in failing and refusing to sustain defendant's motion and direct a verdict in his

behalf at the conclusion of all the evidence introduced in the cause.'

''The Court having already directed a verdict on the trial of the cause as to any liability on the part of the defendant for his act of leaving the owner of the automobile in a drunken condition in the same after he parked it, the issue for submission to the jury was then limited to whether or not the automobile was set in motion because of any act or negligence on the part of Cook in failing to securely and safely park the same in the first instance. All the evidence without conflict showed that the defendant Cook safely parked the automobile and that no omission or commission on his part caused the same to be set in motion.''

The Court submitted the case to the jury on the question of the negligence of defendant in parking the automobile on an incline with the motor running and again charged the jury that if Merritt, by any act, set the automobile in motion, Cook would not be liable.

It is insisted by the defendant that, under this charge, there was not sufficient evidence to take the case to the jury. That is, that when the Court eliminated the question of the responsibility of Cook for the acts of the drunk man, the remaining evidence was not sufficient and the trial Court should have directed a verdict for defendant on the first count.

*In considering whether the trial Court should have sustained defendant's motions for directed verdicts, this Court will look to all the competent evidence, including facts which were shown by the proof but which were withdrawn from the jury by the trial Judge, especially*

*where such evidence was improperly withdrawn, as we think was true in this case.*

█ There is evidence in this record that the defendant left the drunk man, Merritt, in the front seat of the automobile with the key in the switch and the motor running. But it is said that Merritt was the owner of the automobile and that his actions could not be charged to Cook. On the other hand, the record shows that defendant was in charge of the automobile as its driver or operator at the time he parked it at the place in question. As was stated by the counsel for plaintiffs in their argument before the trial Court on the motion for a directed verdict, he may as well have left a four year old child in the front seat of said automobile with the switch on and the motor running, with the expectation that the child would not do anything to enmesh the gears or change the position of the car, or endanger the people who were in front of it. As to whether or not Merritt was so drunk that he was not responsible for this action and as to whether Cook knew, or should have known this, were questions for the jury.

In Morris v. Boling, 31 Tenn. App. 577, 218 S. W. (2d) 754, it was said that a declaration alleging that the collision of defendants' taxicab with plaintiff's parked automobile was due to the negligence of defendants in that the driver of the taxicab left an intoxicated passenger alone in the front seat of the cab with the motor running, or with the keys in the switch, while the driver delivered a package, and the intoxicated passenger drove away in an unlawful manner and struck plaintiff's automobile, stated a cause of action for damages to plaintiff's automobile.

It was further said by the Court in that case that, if causes and effects intervening between the first wrongful cause and the final injurious result might with reasonable diligence have been foreseen, the last result, as well as the first, and every intermediate result, is to be considered the proximate result of the first wrongful cause.

In Am. Jur. Sec. 1145, page 659, it is said:

"A verdict rendered in disregard of correct instructions will be set aside on appeal. A verdict will not be set aside, however, because the jury disregarded an instruction which is erroneous in law, especially if it is so erroneous that reversal would be necessary if the jury had followed it."

However, we think there was sufficient evidence to take the case to the jury even if the Court had been correct in eliminating from consideration all responsibility of Cook for any acts of Merritt, who was said to have been left in the car in an intoxicated condition.

It results that all assignments are overruled and the verdict and judgment of the trial Court is affirmed.

Affirmed.

Hickerson, J., concurs.

Felts, J., not participating.