349 S.W.2d 793 (1961)
James H. JUSTUS, Bertha Justus and Judy Ann Justus, By Next Friend, etc.,
v.
William WOOD.
Supreme Court of Tennessee.
October 20, 1961.
Thomas Dossett, Wilson, Worley & Gamble, Kingsport, for plaintiffs in error.
Penn, Hunter, Smith & Davis, Kingsport, for defendant in error.
PER CURIAM.
Mr. Justice Burnett, obviously out of his regard for the ability, integrity and sincerity of counsel for the petitioner and due to the importance of the question herein, granted a second petition to rehear in these cases. The questions presented originally have again been thoroughly considered and investigated by the majority of this Court, and after doing so we are in a position to answer this second petition.
It must be kept in mind that these cases came to us on their dismissal by the trial judge wherein he sustained a demurrer to the declarations.
All that has been decided by the two previous opinions herein, and that is to be determined by this opinion, is that the question of negligence is one to be decided by the jury, based on their determination from the evidence in the case of the question of foreseeability upon which the proximate cause depended.
To hold, as is the contention of the petitioner, that the injuries herein were due solely to the negligent operation, by an unauthorized person, of this automobile appears to beg the question, because to hold this way assumes that the misappropriation *794 of the car was unforeseeable. The statute (§ 59-863, T.C.A.), itself, is based in part on the likelihood that cars left unattended in violation of this statute will be taken, and implies a degree of foreseeability of that result. It follows that violation of the statute could be found to be an act of negligence which created a foreseeable risk of the car being taken and driven off. If that occurred, and a party was injured by the negligence of such driver, the injury could be held to have been proximately caused by the negligent act of leaving the car unattended.
The statute (§ 59-863, T.C.A.) is a safety device because to do the things that it requires all result in preventing interference with the automobile's stationary condition and mechanical immobility. It is protection to life and property which might otherwise be affected by improper movement of the automobile. The Legislature in enacting this statute provided in the very first sentence of the caption of the Act that the purpose of this Act is "to promote highway safety by regulating the operation of vehicles in Tennessee, * * *." Pub.Acts 1955, c. 329. We must ascribe to the Legislature a desire to effect a purposeful end by the language used, and in so doing, its language should be given its ordinary meaning, the meaning which all of us give to the use of words, without distortion.
The Court of Appeals, Middle Division, in Beene v. Cook, 43 Tenn. App. 692, 311 S.W.2d 596, 600, apparently ascribed this purpose to the statute. After quoting the statute (§ 59-863, T.C.A.) that court says:
"While this last section probably does not apply where the vehicle is parked off a public road or street, nevertheless, it is indicative of what constitutes due care in parking and leaving a vehicle unattended, especially at a place frequented by the public as in the case here."
Certiorari was denied by this Court in that case on March 4, 1958.
It is true that the case of Morris v. Bolling, 31 Tenn. App. 577, 218 S.W.2d 754, cited in the original opinion and in the opinion on the first petition to rehear, does not have in it either a statute or city ordinance, but the case was cited for the reason that the question there determined was determined exactly as the majority of this Court has determined this question; that the question of foreseeability was a fact question to be determined by the trier of facts.
Foreseeability cases of this kind cannot be summarily rejected. The degree of risk or likelihood that such car would be taken will vary with circumstances, such as the time and place where the car is left, the section of the city, the kind of neighborhood, etc. "The risk reasonably to be perceived defines the duty to be obeyed, * * *." Palsgraf v. Long Island Railroad Co., 248 N.Y. 339, 162 N.E. 99, 100, 59 A.L.R. 1253 (Cardozo, J.). See also 2 Restatement, Torts, § 302(b), 303.
After a thorough reconsideration of the questions herein presented we are satisfied that the right result has been reached. The second petition to rehear must accordingly be overruled.