TILLMAN PEARSON, Judge.
We are required to decide on this appeal what shall be done in a case where the trial judge granted a nonsuit prior to the decision of the Supreme Court of Florida in Crews v. Dobson, Fla.1965, 177 So.2d 202. The Supreme Court in the Crews case held that the common law right of nonsuit no longer exists in this State and also approved the result reached by the District Court of Appeal, First District, in Dobson v. Crews, Fla.App. 1964, 164 So.2d 252.
The factual basis for both the District Court of Appeal decision and the opinion of the Supreme Court was as follows: Crews had filed an action at law against Dobson. Immediately after the jury had. been impaneled Crews moved the trial court for a nonsuit. The defendant moved for a judgment with prejudice. The trial judge granted the nonsuit. The defendant appealed the final judgment of nonsuit and urged error upon the failure of the trial judge to order a dismissal of the action with prejudice because of plaintiff’s failure to proceed with the trial of the case.
Upon the appeal the District Court found the question presented to be “whether the trial court erred in permitting the plaintiffs to take a voluntary nonsuit without order of court.” The court held:
“ * * * We hold that he [the trial judge] erred in permitting the nonsuit to be taken' under the circumstances reflected in this record, and that he should have dismissed the action with prejudice. The plaintiffs below gave no reason for the nonsuit and they should have been required to proceed with the trial in the absence of a showing why they should not so proceed. Paragraph (b) of the Rule [Rule 1.35 F.R.C.P.] specifically provides that for failure of the plaintiff to prosecute, a defendant may move for dismissal of the action against him. We believe that there is implicit in this provision the obligation of the trial judge to grant such a motion where no reasonable and legitimate excuse is given by a plaintiff for not going forward with the presentation of his evidence, particularly after the jury has been impaneled and sworn.”
In the case now before us, the position taken by the plaintiff-appellee in the trial court was substantially similar to that of the plaintiffs-appellees in Dobson v. Crews. It appears from the record that, because of the crowded quarters in the Dade County Courthouse, counsel sitting at the counsel table could hear some of the jury’s deliberations. Plaintiff-appellee gave as the ground for his motion for a nonsuit the following:
“Now, the reason I am concerned about this, we can’t help but hear what’s coming out of here; and we can *355 hear, whether we should or not. We can’t put our heads in the ground.
“One of the ladies said, 'Well, you have to prove it beyond a reasonable doubt.’ She has convinced two or three of these men in here that is the issues of the case, and that’s a criminal issue. That has nothing to do with this, because once they went in there— Now, if they are not in there or— Well, I think you could do it even in the jury room, but I wanted to make sure they were in that bar and in that box.”
The defendants-appellants gave as their ground for opposition 'to the motion the following:
“* * * We object to it, and we feel that the jury has retired under the rule and statute as it reads. And in addition to that, of course, 54.09, or whatever that rule and statute was, has been abolished; and the rule does-n’t call for a nonsuit.”
It should be pointed out that the record does not show a formal motion by the defendants-appellants for a dismissal with prejudice before the court granted the nonsuit. However, such a motion was made and denied prior to the signing of the final judgment of nonsuit.
The appellee argues with a great deal of reason that the cause should be returned to the trial court for a new trial because, (1) the plaintiff and the trial judge acted under a misapprehension of the law, and (2) if the plaintiff or the trial judge had known that the plaintiff did not have the procedural right he claimed, the court would have denied the motion, and the plaintiff would then have elected to proceed with the trial.
In Cook v. Lichtblau, Fla.App.1965, 176 So.2d 523, the District Court of Appeal, Second District, was presented with an appeal from a dismissal with prejudice where plaintiff had moved for a nonsuit. The plaintiff’s motion for leave “to take a non-suit without prejudice” was prompted by an indication that the court was about to grant a motion for directed verdict which the defendant had made at the close of the plaintiff’s case in chief. The record reflected uncertainty on the part of the trial court concerning the matter of nonsuit. The defendant made no motion for dismissal with prejudice. The appellate court reversed the dismissal with prejudice upon the holding that by dismissing the jury before he exercised his discretion, upon what in legal effect constituted a motion for dismissal without prejudice, the trial judge effectively foreclosed any possibility of exercising his discretion against granting the motion. The cause was remanded to the trial court with direction to declare a mistrial. The court summarized the situation where a plaintiff moves for a non-existent “non-suit” as follows:
“ * * * From the fact that non-suits have been abolished it does not necessarily follow: (1) that a motion for leave to take a 'nonsuit without prejudice’ is 'tantamount to a dismissal with' prejudice,’ (2) that a plaintiff’s motion for voluntary dismissal after he has rested and the defendant has moved for a directed verdict necessarily comes too late, or (3) that it would be an abuse of discretion to grant a voluntary dismissal at that late stage merely because the plaintiff [has] not established 'a submissible case.’ Rule 1.35(a) of the Florida Rules of Civil Procedure expresses no such limitations upon the discretion of the trial judge in passing on a motion for voluntary dismissal. Further, the leading federal decisions interpreting identical language in Federal R.C.P. 41(a) expressly recognize the propriety of allowing such a dismissal, even at that late stage, where there was a 'technical failure of proof [and] there is nevertheless a meritorious claim,’ * *
We are wholeheartedly in sympathy with this sensible disposition of the problem be *356 cause it works the least violence upon the dispensation of justice in the individual case. Cf., Continental Aviation Corp. v. Southern Bell T. & T. Co., Fla.App.1965, 173 So.2d 750; Union Trust Company v. Fields, Fla.App. 1965, 176 So.2d 339; In Re Estate of Meigs, Fla.App.1965, 177 So. 2d 246.
We find that we are not at liberty to adopt the course suggested by the appel-lee and indicated by Cook v. Lichtblau, supra, because in the instant case the jury had retired from the bar and no possible ground for a dismissal without prejudice was given by the plaintiff at the time he moved for a nonsuit. The trial court could not have granted a dismissal without prejudice upon the ground that the plaintiff knew that the jury’s deliberations were going against him. In effect, the plaintiff simply refused to proceed with the case. It may well be true that the plaintiff would have taken a different position if the trial judge had informed him of the true state of the law, but we find no authority for the proposition that the trial judge must correctly advise a party upon the law. Of course, the duty is upon counsel to correctly advise the court.
The plaintiff-appellee’s insistence upon his right to a nonsuit, which must now be considered a motion for dismissal without prejudice, when there was no recognizable ground for the granting of a dismissal without prejudice, must be considered as a failure to prosecute and dismissal with prejudice must follow.
We think that this conclusion is necessary under the decision of the Supreme Court of Florida in Crews v. Dobson, Fla.1965, 177 So.2d 202, which is discussed above. Accordingly, the “judgment of nonsuit” is reversed and the cause is remanded with directions to enter an order of dismissal with prejudice.
Reversed and remanded.