IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 18, 2003 Session

## DONALD R. LACY v. WESLEY B. COX, ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 2001-386-II     Richard R. Vance, Judge**
Filed October 31, 2003

### No. E2003-00709-COA-R3-CV

Donald R. Lacy ("Plaintiff") sued Jennifer Brandon for damages arising from an automobile accident. After deliberating for approximately two hours, the jury asked the Trial Court if they were required to award Plaintiff any monetary damages if they found fault on the part of Brandon. Based on the question, Plaintiff surmised the jury's deliberations were not going his way. As a result, Plaintiff moved for a voluntary dismissal without prejudice, believing he was entitled to do so as a matter of right. The Trial Court, also believing Plaintiff was entitled to dismiss his lawsuit without prejudice as a matter of right even though the jury was deliberating, granted the motion. We conclude Plaintiff was not entitled to voluntarily dismiss his lawsuit without prejudice as a matter of right at that stage in the proceedings, and as a consequence the dismissal is with prejudice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Reversed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and WILLIAM H. INMAN, SR. J., joined.

Dana C. Holloway, Knoxville, Tennessee, for the Appellant Jennifer L. Brandon.

George R. Garrison, Sevierville, Tennessee, for the Appellee Donald R. Lacy.

### OPINION

### Background

This lawsuit arises out of an automobile accident which occurred in Sevier County. Plaintiff claims his vehicle was struck from behind by a vehicle driven by Wesley Cox. Plaintiff also claims that, at the same time, the Cox vehicle was struck from behind by a vehicle driven by Jennifer Brandon. Plaintiff sued both Cox and Brandon. In her answer, Brandon admits the accident

occurred, but denies she was at fault. Brandon claims both Plaintiff and Cox were negligent under comparative fault principles.

A two-day trial took place in July of 2002. By that time, the only remaining defendant was Brandon ("Defendant"). After all of the proof was presented and the jury was instructed, the jury retired and began deliberating toward a verdict. The jury asked the Trial Court two questions during deliberations. First, the jury asked whether they could view certain photographs of Defendant's vehicle which had been shown to them during the trial. This request was denied because the photographs had not been entered into evidence. After deliberating for approximately two hours, the jury submitted a second question to the Trial Court. Specifically, the jury wanted to know if they were required to award Plaintiff any monetary damages if they concluded Defendant was at fault. Based on this question, Plaintiff obviously sensed a less than favorable verdict was looming. In an attempt to circumvent this expected outcome, Plaintiff, prior to the jury rendering its verdict, made an oral motion to voluntarily dismiss his lawsuit without prejudice. Despite Defendant's objection, the Trial Court allowed Plaintiff to voluntarily dismiss his lawsuit without prejudice. The Trial Court then informed the jury that Plaintiff's claim had been voluntarily dismissed and released the jury from service.

Approximately one week later, Defendant filed a motion requesting the Trial Court to deem Plaintiff's voluntary dismissal as a dismissal "with prejudice." In this motion, Defendant claimed that Tenn. R. Civ. P. 41.01(1) prohibited Plaintiff from taking a voluntary dismissal without prejudice after the jury retired and began to deliberate toward a verdict. Defendant argued that because the nonsuit was requested after the jury had retired, the dismissal should be considered with prejudice thereby barring Plaintiff from refiling his lawsuit in the future.

Plaintiff then filed a Motion for New Trial. In this motion, Plaintiff unabashedly asserted that the Trial Court had improperly granted his request for a voluntary dismissal because the jury had already retired and began deliberations. According to Plaintiff, "the Court may not enter an Order of Voluntary Dismissal under T.R.C.P. 41 at this stage of the trial." Plaintiff requested the Trial Court set aside the Order of Voluntary Dismissal and grant him a new trial.

A hearing was conducted on the pending motions. At this hearing, Defendant's counsel argued:

> The basis of my motion is essentially that there is only one way under the Rules of Civil Procedure to get a voluntary dismissal without prejudice and that only way is contained in Rule 41.01 that says that you can take a voluntary nonsuit at any time in a jury trial before the jury retires to consider … [its] verdict.… [Plaintiff] cannot take a voluntary nonsuit without prejudice after the jury retires to consider … [its] verdict. That's in direct contravention to that rule.… My client had gone through trial, they went through two days of trial, they put on the proof, they tried their case and when that case goes to the

jury, it's over.…  We acquired a vested right in having that case decided by that jury.…  And then the jury comes back with an unfavorable question and [Plaintiff's counsel] wants a Mulligan.  He wants a do-over.

After hearing oral arguments on the motions, the Trial Court acknowledged that it should not have granted Plaintiff's motion for voluntary dismissal without prejudice as a matter of right inasmuch as the request for dismissal came too late in the proceedings.  The Trial Court stated that it was not until the jury already had been dismissed before it was able to obtain a copy of Rule 41.01, at which time the Trial Court realized its mistake.  Although not exactly stated as such, the Trial Court clearly originally believed Plaintiff was entitled to voluntarily dismiss his lawsuit without prejudice as a matter of right.  Specifically, the Trial Court stated:

I did it because at the time I knew of no reason why you couldn't because if we all go through cases we have tried, we've seen it over and over and over at almost any time a nonsuit is taken and there's nothing the other side can do about it.

After discussing possible ways to remedy the situation, the Trial Court eventually concluded the best way to proceed was to leave intact its previous, albeit erroneous, ruling allowing Plaintiff to voluntary dismiss his lawsuit without prejudice.  Accordingly, the Trial Court denied Defendant's motion to have the dismissal deemed with prejudice, as well as Plaintiff's motion for a new trial.

Defendant appeals, claiming the Trial Court erred in allowing Plaintiff to voluntary dismiss his lawsuit after the jury had been deliberating for two hours.  Defendant further claims the only adequate remedy is to deem Plaintiff's voluntary dismissal as a voluntary dismissal "with prejudice."  Plaintiff now claims on appeal that the Trial Court had discretion to allow him to voluntarily dismiss his lawsuit even after the jury had retired to consider its verdict.  Plaintiff further contends the Trial Court did not abuse this discretion and, therefore, the judgment should be affirmed.

### Discussion

The factual findings of a trial court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them.  *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As relevant to this appeal, Tenn. R. Civ. P. 41.01 provides as follows:

**Rule 41.01 Voluntary Dismissal – Effect Thereof. –** (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties … or by an oral notice of dismissal made in open court during the trial of a cause; *or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.…* (emphasis added).

The first issue raised on appeal is whether the Trial Court had discretion to grant a voluntary dismissal without prejudice after the jury had retired to consider its verdict. In Tennessee, a plaintiff has the option to voluntarily dismiss without prejudice his lawsuit as a matter of right at various stages in the litigation. We also know that at certain other times, the granting of such a voluntary dismissal is a matter of discretion with the trial court. For example, in *Stewart v. University of Tennessee*, 519 S.W.2d 591 (Tenn. 1974), the plaintiff requested and was granted a nonsuit after the defendant filed a motion for summary judgment. An order of dismissal was entered later with the approval of all counsel. *Id.* at 592. When the plaintiff refiled the lawsuit, the defendant moved for summary judgment arguing the first dismissal was with prejudice because it had been entered while the original motion for summary judgment was still pending. The trial court agreed and dismissed the second lawsuit. *Id.* In reversing the trial court, our Supreme Court stated that, with certain specified exceptions, Rule 41.01(1) "provides for the free and unrestricted right of the plaintiff (at various stages of the proceedings) to take a voluntary nonsuit or to dismiss his action without prejudice …." *Id.* The Court concluded that while Rule 41.01 barred the plaintiff from taking a voluntary dismissal *as a matter of right* when a motion for summary judgment was pending, the Trial Court nevertheless had discretion to grant or deny such a motion at that particular stage in the proceedings. Specifically, the Court stated that "[a]side from the assent of counsel to the voluntary dismissal order, the trial judge, in the exercise of his sound judicial discretion, had the authority to grant plaintiff's motion [for voluntary dismissal], upon a proper showing. From the record before us, we cannot say, nor is it inferred, that the trial judge abused his discretion." *Id.* at 593.

Other limitations to a plaintiff's free and unrestricted right to take a voluntary dismissal as a matter of right occur when the granting of a voluntary dismissal would deprive the defendant of a vested right or result in plain legal prejudice to the defendant. *See Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975) ("Though not stated in the rule, the right of plaintiff to a nonsuit is subject to the further restriction that the granting of the nonsuit will not deprive the defendant of some right that became vested during the pendency of the case."); *Oliver v. Hydro-Vac Servs., Inc.*, 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993) ("The general rule is that where the right to take a voluntary dismissal is in the discretion of the trial court, it should be granted absent some showing of plain legal prejudice to the defendant.… The possibility of one being subjected to a second

lawsuit is insufficient legal prejudice.")(quoting *Price v. Boyle Inv. Co.*, No. 1, 1990 Tenn. App. LEXIS 337, at *7 (Tenn. Ct. App. May 11, 1990), *perm. app. denied* June 11, 1990).

Defendant argues that once the case was submitted the jury, Plaintiff was prohibited from voluntarily dismissing his lawsuit and the Trial Court had no discretion to grant such a request. Defendant relies on cases such as *Weedman v. Searcy*, 781 S.W.2d 855 (Tenn. 1989) wherein our Supreme Court stated that "[i]n a non-jury case, until the case has finally been submitted to the trial court for a decision, the plaintiff has a right to a voluntary dismissal. The right does not continue in a jury case after the jury retires." *Id.* at 857. In our opinion, the Court in *Weedman* was stating nothing more than a plaintiff's option to voluntarily dismiss his lawsuit *as a matter of right* no longer exists once the jury retires. This language cannot fairly be read to mean either that a trial court does or that it does not have discretion to grant a motion for voluntary dismissal after the jury retires.

Defendant also relies on the not-so-recent case of *Nashville, Chattanooga, & St. Louis Ry. v. Sansom*, 113 Tenn. 683, 84 S.W. 615 (1904), wherein the Supreme Court was interpreting various statutory provisions, including Shannon's Code § 4689, which permitted a plaintiff to take a nonsuit "at any time before the jury retires …." In so doing, the Supreme Court stated:

> We are of [the] opinion the legislature intended that the right to take a nonsuit in a jury case should finally cease when the jury should properly begin "to consider of their verdict," under the law as above stated, whether there should be an actual withdrawal from the jury box or not. The substance of the matter is that there shall be no nonsuit allowed after a case has been fully committed to the consideration of the jury.

*Sansom*, 113 Tenn at 687, 84 S.W. at 616.

In *Liggins v. Padawer*, 14 Tenn. App. 201 (1931), the plaintiff attempted to voluntarily dismiss the lawsuit after the jury had been deliberating for several hours. During deliberations, the jury asked the trial court "who would win if neither party was found guilty of any negligence." The trial court informed the jury in that event, the defendant would win. *Liggins*, 14 Tenn. App. at 201. This question prompted the plaintiff to move for a voluntary dismissal, which the trial court denied. Relying in large part on *Sansom*, this Court affirmed the trial court after holding that the plaintiff's motion for a voluntary dismissal simply came too late. *Id*. at 204.

Although many cases cited by the parties are helpful, we believe the issue of whether the Trial Court had discretion to allow Plaintiff to voluntarily dismiss his case, without prejudice, after the jury retired to consider its verdict is controlled by our Supreme Court's opinion in *Panzer v. King*, 743 S.W.2d 612 (Tenn. 1988), a decision which neither party cites in their brief. In *Panzer*, the jury awarded the plaintiff a verdict in the amount of $15,200.09, which the plaintiff considered to be inadequate. The plaintiff moved for a new trial on the basis of jury misconduct including, but not limited to, several jurors making an unauthorized visit to the accident scene and conducting

"their own tests" regarding the incline of the road, etc. *Id*. at 613. The trial court granted the plaintiff's motion for a new trial. After being granted a new trial, the plaintiff filed a motion for voluntary dismissal, which the trial court also granted. The issue on appeal was whether the trial court erred in permitting the plaintiff to take a voluntary dismissal, thereby depriving the defendant of the ability to seek appellate review of the trial court's granting of a new trial to the plaintiff. *Id*. at 614. In addressing this issue, the Supreme Court stated:

> In this state, our rules and our case law are silent with respect to a plaintiff's right to take a non-suit after the grant of a new trial. The majority of our sister states terminate the absolute right of a plaintiff to take a voluntary non-suit without prejudice at some point in the first trial, *and thereafter, the granting of such a dismissal is within the sound discretion of the trial judge*. The trial judge should bear in mind the position of the defendant at the time of plaintiff's motion and may impose such conditions on the plaintiff as may be appropriate to prevent defendant from being unfairly affected by such dismissal. *See* Annotation, *Construction, as to Terms and Conditions, of State Statute or Rule Providing for Voluntary Dismissal Without Prejudice Upon Such Terms and Conditions as State Court Deems Proper*, 34 A.L.R.4th 778 (1984).… The trial court should impose only those conditions such as costs, attorneys fees, reasonable expenses of preparing for trial, etc., that are necessary to alleviate harm to defendant, and the court's discretion is reviewable only for abuse of discretion. In conformity with the majority of jurisdictions we adopt the rule as stated herein, *applicable at all times subsequent to the retirement of the jury to consider its verdict at the first trial.* (emphasis added).

*Panzer*, 743 S.W.2d at 615-16. The Supreme Court then remanded the case for a determination on whether the trial court erred in granting a new trial, the resolution of which could certainly impact whether the granting of a voluntary dismissal was proper.

The Court in *Panzer* was addressing a plaintiff's ability to voluntarily dismiss a lawsuit after a motion for a new trial was granted, a situation which is factually dissimilar to the present case. However, the Court discussed the majority rule in other jurisdictions to the effect that once the ability of a plaintiff to voluntarily dismiss an action as a matter of right ends, thereafter "the granting of such a dismissal is within the sound discretion of the trial judge." *Panzer*, 743 S.W.2d at 615. After adopting this rule, the Court then unequivocally stated that the rule applies "at all times subsequent to the retirement of the jury to consider its verdict at the first trial." *Id*. at 616. Admittedly, the issues in *Panzer* were altogether different from the issues in the present case. However, this Court cannot overlook *Panzer* on that basis when one of the issues herein falls squarely within the rule as adopted in that case. If the Court in *Panzer* did not intend to give a trial court discretion to grant a motion for voluntary dismissal while the jury is deliberating, then it is for

that Court to so hold. This Court is not at liberty to limit a rule adopted by the Supreme Court. In light of the foregoing, we hold that the Trial Court had discretion to grant a motion for voluntary dismissal without prejudice even after the jury retired to consider its verdict.

Unfortunately, this does not end our review of this case given its procedural history. Plaintiff moved for a voluntary dismissal clearly because of the jury's second question to the Trial Court, a question which led Plaintiff to believe the jury was not going to award him any monetary damages. Plaintiff erroneously believed he was entitled to a voluntary dismissal without prejudice as a matter of right at that time, even though the jury was deliberating toward a verdict. Based on the language used by the Trial Court while discussing how the motion came to be granted, Plaintiff apparently presented to the Trial Court that he was so entitled. The Trial Court incorrectly agreed with Plaintiff and permitted the lawsuit to be voluntarily dismissed without prejudice, thinking there was "nothing the other side [could] do about it." Because both Plaintiff and the Trial Court incorrectly believed Plaintiff could voluntarily dismiss his lawsuit without prejudice as a matter of right, the Trial Court never exercised its discretion in granting Plaintiff's motion. It is, therefore, impossible for this Court to determine whether the Trial Court abused its discretion when that discretion never was used.

It seems quite clear to us that the fact that the jury's deliberations likely were going against Plaintiff forms no basis whatsoever to allow Plaintiff to voluntarily dismiss his lawsuit. If we were to allow plaintiffs in general to have a "Mulligan" or "do-over" under these circumstances, the end result would be a legal nightmare often resulting in multiple complete jury trials, except for the verdict, before a trial court could obtain a jury verdict.

We have located no Tennessee authority guiding us on how to properly remedy the error made in this case. There is authority from other jurisdictions which is helpful. A case quite similar to the present case is *Dade County v. Peachey*, 181 So. 2d 353 (Fla. App. 1965), *cert den.* 193 So. 2d 166 (Fla. 1966). In *Peachey*, due to an overcrowded courtroom, counsel for plaintiff was able to overhear some of the jury's deliberations. Apparently, the jury was discussing the wrong standard of proof, believing the plaintiff was required to prove his civil case for damages beyond a reasonable doubt. Obviously, this heightened standard worked to the detriment of the plaintiff. In any event, the plaintiff moved for and was granted a nonsuit. The issue on appeal was whether the dismissal should be considered a dismissal with prejudice. *Peachey*, 181 So. 2d at 354-55. On appeal, the plaintiff argued that if the trial court erred in granting the nonsuit, the case should nevertheless be returned to the trial court because: "(1) the plaintiff and the trial judge acted under a misapprehension of the law, and (2) if the plaintiff or the trial judge had known that the plaintiff did not have the procedural right he claimed, the court would have denied the motion, and the plaintiff would then have elected to proceed with the trial." *Id.* at 355. In rejecting this argument, the majority of the Florida Court of Appeals stated as follows:

> We find that we are not at liberty to adopt the course suggested by the appellee … because in the instant case the jury had retired from the bar and no possible ground for a dismissal without

prejudice was given by the plaintiff at the time he moved for a nonsuit. The trial court could not have granted a dismissal without prejudice upon the ground that the plaintiff knew that the jury's deliberations were going against him. In effect, the plaintiff simply refused to proceed with the case. It may well be true that the plaintiff would have taken a different position if the trial judge had informed him of the true state of the law, but we find no authority for the proposition that the trial judge must correctly advise a party upon the law. Of course, the duty is upon counsel to correctly advise the court.

The plaintiff-appellee's insistence upon his right to a nonsuit, which must now be considered a motion for dismissal without prejudice, when there was no recognizable ground for the granting of a dismissal without prejudice, must be considered as a failure to prosecute and dismissal with prejudice must follow.

*Peachey*, 181 So. 2d at 356.

In *Pardue v. Darnell*, 557 S.E.2d 172 (N.C. Ct. App. 2001), the North Carolina Court of Appeals was called upon to interpret N.C. R. Civ. P. 41(a)(1) which allows a plaintiff to voluntarily dismiss a claim as a matter of right at any time "before the plaintiff rests his case," and Rule 41(a)(2) which further allows for voluntary dismissals by order of the court after a finding that justice so requires. *Pardue*, 557 S.E.2d at 174. The plaintiff in *Pardue* entered a Notice of Voluntary Dismissal Without Prejudice after resting his case. The plaintiff did not obtain leave of court and, consequently, there was no finding that justice so required the entry of a voluntary dismissal. When the plaintiff refiled his lawsuit, the defendant moved for and was granted summary judgment. The North Carolina Court of Appeals affirmed, concluding the plaintiff lacked authority to file a voluntary dismissal under Rule 41(a)(1) because he had rested his case. Furthermore, the plaintiff did not comply with Rule 41(a)(2) and obtain leave of court. Accordingly, "the dismissal taken by plaintiffs was a voluntary dismissal with prejudice, barring them from refiling suit against defendant." *Pardue*, 557 S.E.2d at 176.

In pertinent part, Tenn. R. App. P. 36(a) provides: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." *See, e.g., In re: Adoption of D.P.M.*, 90 S.W.3d 263, 266 (Tenn. Ct. App. 2002). As stated above, Plaintiff was responsible for the error when he believed, and so convinced the Trial Court, that he was entitled to voluntarily dismiss his lawsuit without prejudice at that stage in the proceedings as a matter of right. This conclusion is even more apparent when considering the altogether insufficient basis for which he sought the voluntary dismissal. Because Plaintiff was responsible for the error, he is not entitled to a Mulligan. Accordingly, we reverse that portion of the Trial Court's judgment granting Plaintiff a voluntary dismissal insofar as it deems that dismissal to be without prejudice. We hold that Plaintiff's voluntary dismissal is "with prejudice."

In our opinion and as is evident from our struggle to devise a remedy to correct the Trial Court's error in this case, there are inherent difficulties in allowing a trial court discretion to grant a voluntary dismissal without prejudice after the jury retires to consider its verdict. For example, let's assume a trial court exercises its discretion and grants a plaintiff's motion for voluntary dismissal without prejudice simply because it is apparent from the jury's questions to the trial court that the jury is about to rule against the plaintiff. In such a situation, we likely would quickly and easily conclude the trial court abused its discretion. The difficult part would be trying to fashion an appropriate remedy. An appellate court would be unable to give the defendant that to which she would be entitled, i.e. a verdict by the particular jury which, in all likelihood, was on the verge of ruling in her favor. At the same time, if we allowed the voluntary dismissal without prejudice to stand, the plaintiff would be getting exactly what he is not entitled to, i.e., a new trial by a different jury, or a "do-over." The third option is to deem the plaintiff's dismissal as a dismissal with prejudice, which certainly is a harsh result in those situations where, unlike the present case, the error was occasioned not by the plaintiff but instead by a trial court's abuse of discretion. In short, there is no adequate way to remedy a trial court's abuse of discretion when granting a motion for voluntary dismissal without prejudice after a jury retires to consider its verdict. We respectfully suggest our Supreme Court, perhaps by amendment to Rule 41.01, consider revisiting the rule announced in *Panzer* insofar as that rule gives trial courts discretionary authority to grant a plaintiff's motion for voluntary dismissal without prejudice after a jury retires to consider its verdict.

## Conclusion

The judgment of the Trial Court is reversed insofar as it deems Plaintiff's voluntary dismissal to be without prejudice, and, therefore, the dismissal is with prejudice. This cause is remanded to the Trial Court for further proceedings as necessary, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellee, Donald R. Lacy.

_____
D. MICHAEL SWINEY, JUDGE

-9-