CARROLL, Judge.
Southern Bell Telephone and Telegraph Company (hereinafter referred to as the Telephone Company) sued Continental Aviation Corporation (hereinafter referred to as Continental), and Louis K. Steiner, Inc. (hereinafter referred to as Steiner), in the civil court of record in Dade County, seeking recovery of $1,959 under a contract for certain telephone directory advertising.
The complaint, to which a copy of the contract was attached, alleged the contract for advertising with Continental; that the contract with Continental was made for it through Steiner as agent; and that Steiner had expressly assumed the obligation. Performance and demand upon the defendants and nonpayment were alleged.
Continental answered denying that it had entered into the contract but admitting the allegation of the complaint that Steiner had assumed the obligations of the contract. Continental admitted it had not paid the amount sought under the contract but alleged it had advanced said amounts to Steiner; and Continental cross claimed against Steiner.
Steiner answered, admitting the allegation as to the contract between the Telephone Company and Continental, and admitting that he entered into the contract on behalf of Continental as its agent, but denying that he assumed the obligations thereof; and Steiner cross claimed against Continental. At trial the plaintiff Telephone Company sought to introduce into evidence a copy of the contract after showing that the original was lost. Sustaining objections of defendants’ counsel, the trial judge excluded the proffered copy of the contract; thereupon plaintiff elected to take a nonsuit. Defendant Continental moved the court to reject the request for nonsuit and to grant a dismissal with prejudice. The court entered an order allowing the nonsuit, denying defendant’s motion for dismissal with prejudice, but ordered the cause dismissed without prejudice. The defendant Continental appealed, and the plaintiff Telephone Company cross assigned as error the refusal of the court to admit the copy of the lost contract.
The appeal taken by the defendant Continental is without merit. The trial court acted within his discretion in refusing to dismiss the cause with prejudice, and the appellant has failed to show an abuse of discretion in that respect.
However, with reference to the merits of the trial court’s refusal to admit a copy of the lost contract, which ruling may be material on a second trial if one is had, the record discloses that the absence .of the original was satisfactorily accounted for so as to entitle admission of secondary evidence of the contract. See 13 Fla.Jur., Evidence § 197. Additionally, it would appear that the copy presented was admissible as a record copy made in the course of business as contemplated in § 92.35, Fla. Stat., F.S.A. A complication there is that the item offered was a photographic copy of the record copy, and, therefore, it was subject to the requirement under the statute that the record copy from which such photographic copy was made should remain in existence, and be available for inspection if the court should so direct But if the *752 record copy from which the photographic copy was made were lost, it would appear that the proffered copy could be admissible as the best secondary evidence of the lost original of the contract. See 13 Fla.Jur., Evidence § 202.
Accordingly the cross assignment of the appellee is sustained, and the order dismissing the cause without prejudice is affirmed.