177 So.2d 202 (1965)
Gary Lamar CREWS, a minor, by Harold Edward Crews, as his next friend, and Harold Edward Crews, individually, Petitioners,
v.
Walter DOBSON, Respondent.
No. 33566.
Supreme Court of Florida.
July 7, 1965.
*203 Evans, Stewart & Proctor and Tom B. Stewart, Jr., Jacksonville, for petitioners.
Francis P. Conroy, James C. Rinaman, Jr., and Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for respondent.
Frates, Fay & Floyd, Miami, amicus curiae.
THOMAS, Justice.
The salient facts on which this case was tried are not relevant to the determination of the controversy here presented and will not be detailed. The point immediately concerning the court is the propriety, or impropriety of the procedure followed by the trial court in dealing with a motion for a nonsuit by the plaintiff and the resistance of the defendant evidenced by a motion to dismiss with prejudice.
The petitioner, Harold Edward Crews in a dual capacity, had filed an action at law against the present respondent. Immediately the jury was empaneled, and sworn to try the issues, the plaintiff moved the court for a nonsuit whereupon the defendant's attorney asked for a judgment with prejudice on the ground that the Florida Rules of Civil Procedure provided only for an involuntary dismissal. The court announced that it recognized the nonsuit and denied the defendant's motion to dismiss with prejudice observing, however, that the court would "enter a judgment for appropriate costs * * *." The court then said to the jury: "Gentlemen, a nonsuit has been taken, so there is nothing to try."
The defendant then took to the District Court of Appeal, First District, the questions whether or not voluntary nonsuit had been superseded by Civil Procedure Rule 1.35(a), 30 F.S.A. and if such supersedure had taken place, whether or not the trial judge properly treated plaintiff's motion as made under 1.35(a) one for voluntary dismissal and "exercising his discretion," ordered dismissal without prejudice.
The District Court of Appeal in an exhaustive opinion reversed the trial court and held that the motion for dismissal with prejudice should have been granted.
Under Section 4(2), Article V of the Constitution, F.S.A., the District Court of Appeal has sent the case to this court for decision. The precise relevant language of the section is that "The supreme court may review by certiorari any decision of a district court of appeal * * * that passes upon a question certified by the district court of appeal to be of great public interest * * *." (Italics supplied.) The question is not specified in the certificate which refers to the whole "decision," but presumably it is, in essence, whether or not nonsuits still obtain in our practice.
The apparent ambiguity in respect of the disappearance or survival of nonsuits seems to have arisen from the action of this court in 1962 when Rule 1.35(b) adopted in 1954 was amended by deleting the last clause we shall presently describe. That uncertainty was created is plain from conflicting *204 opinions of courts who have dealt with the subject. The District Court of Appeal, First District, rejected nonsuits in this very case; the District Court of Appeal, Second District, disavowed them in Cook v. Lichtblau, 176 So.2d 523, decided 28 May 1965; the District Court of Appeal, Third District, at least tacitly recognized them in Ramsey v. Aronson, 99 So.2d 643, decided, however, before the revision of 1962, infra.
The amended Section 3, Article V of the Constitution, follows: "The practice and procedure in all courts shall be governed by rules adopted by the supreme court." The amendment became effective 1 July 1957. Subsequently, in 1962, the court adopted a revision of the Rules of Civil Procedure effective at midnight 1 July of that year. The rule numbered 1.35 was changed in unimportant detail except that the last clause of Rule 1.35(b) under the sub-title "Involuntary Dismissal; Effect Thereof" and the general title "Dismissal of Actions" reading "except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute" was deleted. This led to the deduction on the part of some courts and many attorneys that the Supreme Court had administered the coup de grace to nonsuits as they had been known and used throughout the years.
The only statute "applicable" at the time of the elimination was Section 54.09, recognizing nonsuits in this way: "Non-suit, right of plaintiff to take.  No plaintiff shall take a non-suit on trial unless he do so before the jury retire from the bar." We are not unmindful of Sections 59.05 and 59.07 (3). They do not relate to the taking of nonsuits in the first instance, but to subsequent review.
Our first thought was that since this court is considering now the question whether or not a further rule should be adopted to clarify the procedure in this respect, we should not in this case anticipate the court's action as a rule-making body; our second and abiding thought is that we would do a service to the Bench and Bar by settling the matter in the present litigation. So we return to the opinion of the District Court of Appeal.
After a careful and thorough analysis of the whole rule numbered 1.35, about voluntary and involuntary dismissals, which for all practical purposes are close relatives of voluntary and involuntary nonsuits, the District Court of Appeal decided that Section 54.09 "insofar as it permits the taking of a nonsuit at plaintiff's instance after the answer is filed, or after motion for summary judgment is made without stipulation of all parties who have appeared in the action, and without an order of court first had, is inconsistent with Paragraph (a) of Rule 1.35, as revised [by the elimination] in 1962 * * *."
As is obvious from the statute, no circumstances in which nonsuits may be taken are specified, it being only stated that they must be taken before the jury retires. We are, therefore, a bit puzzled by the language of the court that the statute conflicts with the rule "insofar" as it permits nonsuits in three situations, i.e., (1) subsequent to the filing of an answer, (2) after motion for summary judgment without stipulation, and (3) without an order of court. In the instant case an answer was filed but we find no motion for summary judgment or reference to a court order.
Upshot of the decision was that the plaintiff had no "absolute right to a nonsuit or voluntary dismissal" and that the trial court erred when it permitted the nonsuit and refused to dismiss the cause on defendant's motion, inasmuch as no reason was given to prolong the litigation.
We agree with the interpretation of Rule 1.35 placed by the District Court of Appeal and conclude that if all of the rule is contemplated, it is logical to hold that the elimination of the clause "except, however, that nothing stated herein shall preclude a non-suit from being taken pursuant to any applicable statute" was intended to *205 do away with nonsuits. In the first place it appears in the part of the section dealing with involuntary dismissals. The present one attempted by the plaintiff was voluntary. But, more importantly, a study of the section in its entirety seems abundantly to protect parties litigant in any situation which theretofore could have been relieved by resorting to nonsuit. For instance, a plaintiff may dismiss without court order any time he pleases before service of an answer or presentation of a motion for summary judgment. He may also dismiss by stipulation of all parties. Such a dismissal, in the absence of a contrary statement in the notice of dismissal or stipulation, and in the absence of a dismissal of another court of the State on the same claim, shall be without prejudice. If the last condition prevails, the dismissal shall be with prejudice. This is the content of Rule 1.35(a) (1).
Continuing to treat of voluntary dismissals, in paragraph (2), by order of the court as distinguished from paragraph (1) dealing with dismissals by the plaintiff in certain conditions of the record or by stipulation, dismissals may be effectuated by court order incorporating such conditions as the court considers just. So if a counterclaim has been filed and the defendant objects, his objection will prevail unless the counterclaim can stand for independent adjudication. Unless otherwise provided dismissals under this section, too, shall be without prejudice.
The field of dismissals at the instance of the plaintiff seems well tilled.
The following section applies to dismissals brought by defendants for plaintiff's failure to follow court orders and failure to prove a case. Unless the court otherwise provides such dismissals and other dismissals not covered by the rule, other than those for lack of jurisdiction and proper venue, shall constitute adjudication of the merits.
Definitely out of position, in this section, or subsection, of Rule 1.35, appeared the reference to nonsuits we have already quoted. It was, and should have been, omitted in the revision of 1962 and the purpose of omission was to remove from our procedure the use of nonsuits. Ample remedy is afforded litigants under the other provision of the rule but, of course, plaintiffs may not without rime or reason dismiss their causes, simply because they do so "before the jury retire from the bar."
We do not disturb the ruling of the District Court of Appeal.
THORNAL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.