ON REHEARING GRANTED
PER CURIAM.
Appellees’ petition for a rehearing was granted and rehearing was had upon ap-pellees’ ground that “the record does not support this Honorable Court’s statement that ‘In effect, the plaintiff simply refused to proceed with the case.’ ”
We acknowledge that no such direct statement by appellee appears in this record, and we think that the effect to be given to appellees’ action in the trial court is crucial for the determination of the appeal. The basis for the statement, which is questioned upon petition for rehearing, is appellees’ insistence before the trial judge that he had a right regardless of the trial judge’s action to “take a nonsuit,” at a time after the jury had retired.[1] As pointed out in the opinion in the instant *357 case, no possible ground for a dismissal without prejudice was given. Therefore, there was no basis for an exercise of discretion by the trial court. We think this fact distinguishes the instant appeal from our prior decisions.
In Florida East Coast Railway Co. v. Chapin, Fla.App.1965, 179 So.2d 107, we affirmed a dismissal without prejudice upon a holding that the trial judge had properly exercised the discretion inherent in the situation. That holding does not collide with the instant case.
In Continental Aviation Corp. v. Southern Bell T. & T. Co., Fla.App.1965, 173 So.2d 750, this Court held that the trial court acted within its discretion in purportedly allowing a non-suit, which in reality amounted to a dismissal without prejudice, when the action was taken during the trial and after the trial court’s refusal to admit tendered evidence.
In Sanford v. F. A. Chastain Construction, Inc., Fla.App.1966, - So.2d -, [released this date] the defendant moved for a directed verdict at the conclusion of the plaintiff’s case. We pointed out that a motion for voluntary dismissal at such a stage of the trial is not favorably regarded, but we held that the trial judge had the discretion to grant the motion and reversed the erroneously entered order of non-suit with directions to declare a mistrial. That decision is not contrary in principle to the instant case because in the instant case there was no discretion to be exercised at the time the “non-suit” was taken.
We therefore adhere to our opinion on this appeal.

. If appellees liad had a right to take a non-suit, they could not have done so after the jury had retired from the bar. Florida Statutes, § 54.09, F.S.A. This limitation is not in conflict with Rule 1.35, Fla.R.Civ.P., 30 F.S.A. (1962 Rev.). Crews v. Dobson, Fla1965, 177 So2d 202, 204. While not controlling in this case, this distinction has been carried forward into Rule 1.35(a) (1), Fla.R.Civ.P. (1965 Rev.), which provides for a voluntary dismissal “before retirement of the jury.”