THOMAS, Justice.
This court accepted jurisdiction of this case under Sec. 4(2), Art. V of the Constitution, F.S.A., for the purpose of resolving any confusion that might have arisen, or might still exist, in respect of the question whether nonsuits arc or are not.
Both parties in their briefs stated their awareness that there were cases then pending in this court in which the existence of nonsuits was challenged.
It is important to note that all the briefs in the immediate case were filed before *201 our decision in Crews v. Dobson, 177 So.2d 202, was released, 7 July 1965. In that opinion we undertook to settle the controversy and we think we did.
In the trial of the present case the plain-’ tiff had tried to introduce in evidence a copy of the contract on which the action was based after showing that the original was lost. Objection of the defendant was sustained whereupon the plaintiff, to quote from the opinion of the District Court of Appeal, “elected to take a nonsuit * * * [while the defendant] moved the court to reject the request for nonsuit and to grant a dismissal with prejudice.” (Italics supplied.) The District Court of Appeal in a well-considered opinion, 173 So.2d 750 (Fla.App.) held on the pivotal point that the trial court had “acted within his discretion in refusing to dismiss the cause with prejudice, and the appellant * * * [had] failed to show an abuse of discretion in that respect.” However, the court observed that the trial court had “entered an order allowing the nonsuit, denying defendant’s motion for dismissal with prejudice, but ordered the cause dismissed without prejudice.” (Italics supplied.) Thus were blended the principles 'of nonsuit and dismissal of actions.
So the subject of nonsuit was introduced although the direct holding seems to have been, as we have indicated, that the trial court did not err when it dismissed the cause without prejudice.
We have not found reason to disturb the decision of the District Court of Appeal, and we do not condemn it just because of the reference to nonsuits.
We draw attention to new Rule 1.35, 30 F.S.A. on the subject “Dismissal of Actions” which was adopted by this court 28. July 1965, effective 1 January 1966. Although it does not assist us in the determination of the instant case which was in-cepted before adoption of the rule, it is well to observe that it and the decision in Crews v. Dobson will, we fervently hope, dispel uncertainty about the procedure in such situations.
Affirmed.
THORNAL, C. J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.