ALLEN, Chief Judge.
Defendant-appellants take an appeal from, a final judgment of nonsuit entered uporu an order granting plaintiff-appellee’s motion for voluntary nonsuit without prejudice..
*498 Plaintiff filed his complaint; defendants filed an answer and defenses. Sometime after the pretrial conference, the case was called for trial. Prior to the calling of the individual jurors, plaintiff moved for voluntary nonsuit, pursuant to Section 54.09, Florida Statutes, F.S.A. The defendants moved, in the event of a nonsuit, that it be dismissed with prejudice. The trial judge denied the defendants’ motion for dismissal with prejudice and granted plaintiff’s motion for voluntary nonsuit under Section 54.09, Florida Statutes, F.S.A. The court entered judgment thereon and taxed costs and defendants’ expenses against the plaintiff.
The trial court handed down its order and judgment before the Florida Supreme Court’s opinion in Crews v. Dobson, Fla. 1965, 177 So.2d 202, which decision affirmed the First District Court of Appeal in its holding that nonsuits were, in effect, abolished by the modification of Rule 1.35 in 1962. See also Thoman v. Ashley, Fla. 1965, 177 So.2d 205. Dismissals, as provided for in Rule 1.35, Fla.R.C.P., 30 F.S.A., have taken their place. In order to obtain a dismissal one must follow the requirements of Rule 1.35.
The record shows there was no compliance with the strict letter of the dismissal rule because the trial court granted a nonsuit. The nonsuit granted in accordance with plaintiff’s motion had the same effect, however, as a dismissal because the requisites of Rule 1.35(a) (2), Fla.R.C.P. were fulfilled. We will not reverse a decree of the trial court, even though based on an erroneous ground, where the result is justified on any other ground appearing in the record. Escarra v. Winn Dixie Stores, Inc., Fla.1961, 131 So.2d 483.
Rule 1.35(a) (2) states in pertinent part:
“(2) By Order of Court; * * * Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper.”
Plaintiff’s nonsuit was granted by the trial court’s order and upon the terms that plaintiff pay costs and defendants’ expenses. These terms are sufficient here, though more may be proper in other situations. See the interpretation of Federal Rule 41(a) (2), Fed.R.Civ.P., the pattern for the Florida Rule 1.35(a) (2) in McCann v. Bentley Stores Corporation, 34 F.Supp. 234 (W.D.Mo.1940) and Paul E. Hawkinson Co. v. Goodman, 32 F.Supp. 732 (S.D.Cal.1940), as to the sufficiency of terms under the rule.
In Continental Aviation Corp. v. Southern Bell T. & T. Co., Fla.App.1965, 173 So.2d 750, the Third District Court of Appeal, in an opinion by Judge Carroll, had a factual situation practically identical to the instant case. The plaintiff telephone company sought to introduce into evidence a copy of a contract, after showing that the original was lost. The trial court excluded the copy on defendant’s objections. Thereupon, the plaintiff elected to take a nonsuit. The defendant, Continental Aviation, objected and moved the court to grant a dismissal with prejudice. The court entered an order allowing the non-suit, denying defendant’s motion for dismissal with prejudice, but ordered the cause dismissed without prejudice. The District Court of Appeal held that the appeal taken by the defendant, Continental Aviation, was without merit; that the trial court acted within his discretion in refusing to dismiss the cause with prejudice; and that the appellant had failed to show an abuse of discretion in that respect.
Subsequent to the first draft of this opinion, the Florida Supreme Court, 183 So.2d 200, on February 9, 1966, filed its opinion in Continental Aviation Corp. v. Southern Bell T. & T. Co., in which the *499 Court, in an opinion by Justice Thomas, affirmed the Third District Court of Appeal. The Court stated:
“ * * * The District Court of Appeal in a well-considered opinion, 173 So.2d 750 (Fla.App.) held on the pivotal point that the trial court had ‘acted within his discretion in refusing to dismiss the cause with prejudice, and the appellant * * * [had] failed to show an abuse of discretion in that respect.’ However, the court observed that the trial court had ‘entered an order allowing the nonsuit, denying defendant’s motion for dismissal with prejudice, but ordered the cause dismissed without prejudice.’ (Italics supplied.) Thus were blended the principles of nonsuit and dismissal of actions.
“So the subject of nonsuit was introduced although the direct holding seems to have been, as we have indicated, that the trial court did not err when it dismissed the cause without prejudice.
“We have not found reason to disturb the decision of the District Court of Appeal, and we do not condemn it just because of the reference to non-suits.”
If we were to reverse the judgment of the trial court and direct it to institute judgment with prejudice, we would have to do so on the assumption, unwarranted by the record, that plaintiff’s motion was granted solely as a matter of right. We will not be so reckless with the plaintiff’s rights. To affirm, we need make no assumptions — the result reached is justified on grounds appearing in the record. The nonsuit here has the same effect as a dismissal under Rule 1.35(a) (2).
Affirmed.
PIERCE, J., and BRUTON, JAMES D., JR., Associate Judge, concur.