' SWANN, Judge.
The question raised by this1 appeal' involves the old version of Rule 1.35, Florida Rules - of ’ Civil Procedure, 30 F.S.A'. as it existed prior to January 1, 1966. The' trial' court entered an order granting the plaintiff a voluntary non-suit without-prejudice, *814 while the defendant’s motion for a summary judgment was pending before it and the defendant now appeals. Reversed and remanded.
The plaintiff, Pontiac Holding Company, had sought to recover under a fire insurance contract issued by defendant, Southern American Fire Insurance Company, for property damage to plaintiff’s hotel, the Edwards Hotel. After filing its motion and answer, defendant moved for a summary final judgment, with supporting affidavits. Pontiac served the defendant insurance company with its opposing affidavit.
At the hearing on the defendant’s motion for summary final judgment, plaintiff moved, orally, without prior notice, for the entry of an order for a voluntary non-suit without prejudice, on the grounds that the insurance contract, which was at issue, required arbitration rather than adjudication by legal action.
Defendant objected to the dismissal without prejudice, and requested that the cause he dismissed with prejudice, or that the court rule on its motion for summary judgment. The trial court’s order simply granted the motion for voluntai-y non-suit, without further provision, and dismissed the cause without prejudice. Defendant has appealed that order.
The defendant claims error in the granting of the voluntary non-suit without prejudice, and in the failure of the trial court to grant its requested motion for summary final judgment against Pontiac.
The defendant relies on the decision of Dobson v. Crews, Fla.App.1964, 164 So.2d 252, subsequently affirmed by the Supreme Court of Florida in Crews v. Dobson, Fla. 1965, 177 So.2d 202. It is important to note that in the case at bar, the trial court entered its order granting the motion for non-suit on June 3, 1965, before the status of non-suits was finally resolved in the Crews decision of July 7, 1965. We are bound by the decision of the Supreme Court which held, in essence, that the old Rule 1.35, Florida Rules of Civil Procedure, had eliminated non-suits. See also. Thoman v. Ashley, Fla.1965, 177 So.2d 205. The version of Rule 1.35 then in effect provided for voluntary dismissals only under certain conditions.
Since non-suits were improper in Florida as of the date of the order granting this-non-suit, the order must be reversed and the cause remanded to the trial court. Upon remand, the trial court, upon proper motion, may consider in its discretion and upon proper application whether a voluntary dismissal without prejudice, upon proper terms and conditions, is just; or whether a dismissal with prejudice should be entered; or whether the cause should proceed for determination on the motion for summary final judgment.
It is so ordered.