DREW, Justice
(dissenting).
The district court has held upon appeal by the defendant in this case[1] that the trial court erred in entering a judgment of nonsuit upon plaintiff’s motion made after the jury retired. The appellate court also decided that because the trial court had no discretion to permit a voluntary dismissal at that time, the cause must upon remand be dismissed with prejudice for “failure to prosecute.”
The decision that the defendant below is entitled to a dismissal with prejudice, upon the record and facts stated in the opinion before us showing no motion by him for dismissal until after discharge of the jury, does in my opinion clearly conflict with the opinion of the First District Court in F. E. C. Ry. Co. v. Lewis, cited by petitioner here, the plaintiff, for its holding that an error in granting nonsuit cannot upon appeal be urged by a defendant who fails to present a motion for dismissal with prejudice in time to preserve the plaintiff’s privilege of proceeding with the trial in event such motion is or should be granted:
“Appellant’s [defendant’s] * * * failure to move for an order dismissing the *167 action with prejudice because of appellee’s failure to prosecute his action to a conclusion, deprived the trial court of an opportunity to rule in [defendant’s] favor on such objection or motion. If such objection or motion had been urged by [defendant] and sustained by the court, [plaintiff] would have had the privilege of proceeding with the trial rather than submit to an involuntary dismissal of his action with prejudice[2] (E.S.)
The defendant in the case under consideration did voice objection to nonsuit at the time of the colloquy between court and counsel,[3] but the motion filed after discharge of the jury came after the court’s discretion was effectively terminated.[4] While the appeal by defendant might properly have been disposed of by application of estoppel as in the case cited, I believe the existing confusion in the area of mistaken nonsuits warrants a further treatment of the problem presented.
*168 I think the issue is not foreclosed, as was the opinion of the court below, by the decision in Crews v. Dobson, affirming a district court ruling that “In the case at bar, the trial court refused to grant defendant’s motion with prejudice and by this action we conclude that he erred.” [5] The conclusion in Crews was that a dismissal without prejudice, in the absence of legitimate reason after the time indicated in the rules would constitute an abuse of discretion whatever the label attached to a plaintiff’s motion.[6] The facts before the court in that case, in any event, required no consideration of the problem of whether a claim of nonsuit, even in the absence of ground for voluntary dismissal, requires dismissal with prejudice on the court’s own motion. This, in effect, is the order of the appellate court in the case at bar.
Conceding the error of the court in accepting nonsuit, and the impropriety of any voluntary dismissal under the circumstances, the problem on appeal is still that of directing the proper disposition of the issues before the court at the time it committed error. In the situation presented in this case I think a reversal of the nonsuit judgment requires the entry of an order of mistrial upon remand. No other disposition of an appeal would likely be in order even if the error had been in granting motion for mistrial at such a point in the proceedings.
It would be contrary to every principle of right and justice to hold that the denial of a motion for voluntary dismissal under rule 1.35, 30 F.S.A., [or for a nonsuit under the old rule] would terminate the right of the plaintiff to a trial on the merits. This is the result of the decision below even though the final ruling was made at the appellate rather than trial level. The rule must be construed, as indicated in the opinion above quoted, so that if such a motion is denied the plaintiff will be able to elect either to proceed or “pick up his hat and leave”. If he elects to do the latter, he is then in the position of the plaintiff after refusing to plead further following an order dismissing his complaint for failure to state a cause of action. In that event he rests his case on the outcome of his appeal, and does so knowing this to be the case. This principle of procedure is so fully ingrained in our law that it requires no more than to state it. If the present decision is to stand it will be the only situation this writer can visualize where this basic concept of procedure is not followed.
I would quash the questioned decision to the extent it ordered a dismissal with prejudice and direct that the cause be remanded for a new trial.

. Dade County v. Peachey, Fla.App.3rd, 181 So.2d 353.

. Fla.App., 167 So.2d 104, 108.

. Upon report by counsel that he overheard jury deliberations incorporating a mistaken principle of burden of proof, the trial judge’s offer to reinstruct was rejected by the defense, after which the entire proceedings were as follows:
“THE COURT: Of course, it is not proper to be listening to what they say; * *
MR. FRATES: Judge, first I think that — I think we ought to take a non-suit, because I think this jury is confused on the law. I think we have a right under this law. Now, Mr. Peeples says that’s not the rule. All I can do is cite the cases. * * *
THE COURT: All right. Anything further?
MR. FINNEY: Your Honor, I don’t think we can stop them from non-suiting a case, but we are just objecting that it not be done with the Court’s approval.
MR. PEEPLES: Since that is not the law, it is improper.
MR. FRATES: I think under Florida law the non-suit is not discretionary. The rule is discretionary; 1.35 is discretionary.
THE COURT: But I think they don’t . call it a non-suit. They call it a voluntary dismissal.
MR. FRATES: It is an entirely different creature.
THE COURT: This usually comes during the pleadings stages.
MR. FRATES: The voluntary dismissal; right, sir.
THE COURT: I am going to grant it, because you are going to have to pay the costs.
MR. FRATES : All right, sir.
MR. PEEPLES: Your Honor, may we —Have you ruled?
THE COURT: I do it with great reluctance.
MR. FRATES: I do too. I don’t like to spend the time or waste the time, but neither do I want a jury deciding a case where they have missapplied the law. And I grant you—
THE COURT: I am going to call them in my chambers before you all talk to them. I want to find if they were in there under a misapprehension.
MR. PEEPLES: Have you ruled already?
THE COURT: I am going to grant it, and the costs will be assessed against the plaintiff. Now, I am going to release these jurors from their oath to talk to you gentlemen, but I want to see them in my chambers.
MR. PEEPLES: Would you discuss it with us after you talk to them?
THE COURT: If you want to, certainly.
MR. PEEPLES: Yes, I would appreciate it. They will talk to you?
THE COURT: But I will release them and they can talk to you if you wish to do so.”

. Cf. Cook v. Lichtblau, Fla.App., 176 So.2d 523, 535:
“ * * * In view of all the circumstances of this case we conclude that a mistrial should be declared. The basis for a mistrial is found in the action of the trial court dismissing the jury. By dismissing the jury before he exercised his discretion upon what, in legal effect, constituted a motion for dismissal without prejudice, the trial judge effectively foreclosed any possibility of exercising his discretion against granting that motion. By the same action he precluded the possibility of denying the defendants’ motion for a directed verdict, upon which he did not expressly reserve ruling. Under the circumstances we think the trial court should preserve the pending action by declaring a mistrial. * * * ”

. Fla.1965, 177 So.2d 202.

. Dobson v. Crews, Fla.App.1964, 164 So.2d 252, 259. In contrast with the facts surrounding the claim of nonsuit in the current ease, note 3 supra, the opinion in Dobson states simply at page 256 that “the plaintiff, in effect, after the jury was sworn announced a nonsuit, picked up his hat and left the courtroom.” Obviously in that situation, the plaintiff did in fact refuse to prosecute. Here, however, the plaintiff had nothing to leave in the courtroom. The jury had retired after having been charged so the entire case had been concluded so far as the plaintiff was concerned. The reason that nonsuit had to be taken "before the jury retired was because the ease was still in progress and the plaintiff literally could “leave the courtroom.” The very basis of the so-called motion for nonsuit [misconduct of the jury] precluded its consideration as such. By whatever name called it was — and' should have been disposed of as — a motion for mistrial.