ON REHEARING
FERGUSON, Judge
(specially concurring).
Appellee McCoy suffered a stroke after being arrested, searched and confined for possessing an allegedly stolen vehicle. The jury found that appellant negligently failed to notify the police department that it had repossessed and resold the automobile to McCoy after it had been reported stolen by the previous owner. McCoy was awarded $566,000.00 in compensatory damages.
I agree with the majority that since Section 493.25(6), Florida Statutes (1975) expressly regulates private investigative agencies and as such is not applicable to this case, it was error to read the statute to the jury as evidence. I also agree it was error to instruct the jury that a violation of the statute constituted evidence of negligence. The errors complained of are grounds for reversal and remand for a new trial involving all the original parties.
The only issues raised by appellant on these points are whether the trial court committed error by (1) permitting appel-lee’s counsel to read to the jury Section 493.25(6) of the Florida Statutes and (2) instructing the jury that the statute imposed a duty upon appellant to report its repossession of the automobile to the Miami Beach Police Department. Having disposed of those questions the majority then goes into the record to consider a point not raised by appellant, nor briefed or argued before the court, i.e., whether the complaint, independent of statutory duty allegations, states a cause of action in common-law negligence. That point and the resolution of it opens a “Pandora’s box” of collateral issues as shown by the motions for rehearing, clarification, and suggestion for certification which the parties have urged this court to consider.
A reviewing court should confine its opinion to those statements of legal principles necessary for solution of the particular question or questions involved in the appeal. Dobson v. Crews, 164 So.2d 252 (Fla. 1st DCA 1964), aff’d, 177 So.2d 202 (Fla.1965). Any expression beyond that necessary to decide the narrow issues raised by the parties is obiter dictum and is without force. Pell v. State, 97 Fla. 650, 122 So. 110 (1929); State ex rel. Biscayne Kennel Club v. Board *604 of Business Regulation, 276 So.2d 823 (Fla.1973).
Because the appeal did not challenge the sufficiency of the pleadings to state a cause of action in common law negligence, the bone of contention in post-hearing motions, the majority discussion of it is dictum which should not, at this stage, be the basis for further consideration of the case by this court or the Florida Supreme Court.