## D. S. ETHERIDGE CO. v. PETERSON et al. (Two cases.) No. 3.

Eastern Section. November 30, 1935.

Petition for Certiorari denied by Supreme Court, February 15, 1936.

Clarence Kolwyck and Sam J. McAllester, both of Chattanooga, for plaintiff in error.

H. W. Schoolfield, of Chattanooga, and Harry Hite, of Nashville, for defendants in error.

McAMIS, J. These cases originated before a justice of the peace and were appealed to the circuit court, where they were tried joint-

ly, resulting in judgments for the two plaintiffs below. Defendant below, D. S. Etheridge Company, has appealed in error to this court. The parties will be herein referred to as plaintiffs and defendant, according to their status in the circuit court.

The automobiles of plaintiffs, respectively, were parked on Market street in the city of Chattanooga and were run into and damaged by another car owned by defendant and operated at the time of the collision by one J. T. Harwell. It is admitted that plaintiffs were without fault, that Harwell was a salesman for defendant, a concern engaged in the business of dealing in automobiles, and that the automobile of defendant was being negligently operated at the time of the collision, leaving as the sole issue the question of whether or not the driver was upon a mission for defendant or engaged upon a mission of his own when the collision occurred. The circuit judge, trying the case without the intervention of a jury, determined this question in favor of plaintiffs, and awarded judgments accordingly.

It appears that Harwell was employed by defendant to sell used cars on a commission basis. He was given general permission to use cars belonging to defendant for transportation to and from his home, and it was contemplated that he might also use these cars as occasion arose at any time during or after office hours for demonstration purposes. He was not given the possession of cars belonging to defendant for use upon missions of his own, but it was known to defendant that salesmen in its employ frequently used its cars for their own benefit.

On the night of the accident, Harwell left defendant's place of business at about 5:45 p. m., driving the same automobile which he was driving at the time of the collision out of which these suits arose. Between 6 p. m. and 6:30 p. m. he demonstrated this automobile and then drove to his home. About 8 p. m., in company with Gregory Lankford, he drove to the home of Miss Mildred Bales, with whom Lankford had an engagement for the evening. He then drove with Lankford and Miss Bales to the home of another young lady, but, finding her not at home, the party drove to Pete's Rock Castle Inn, and then to a dance at the Gypsy Inn on Signal Mountain, where they remained until shortly before 11 p. m. Upon the return from the dance and while on their way to the home of Miss Bales the collision occurred.

It is conceded that the car was being used under conditions resembling those which normally attended its use in connection with defendant's business, thereby giving rise to a presumption that at the very time of injury to plaintiffs' property the driver was acting as agent for the owner. Auburn Nashville Co. v. Graham, 13 Tenn. App., 444.

It is insisted, however, that, while Harwell had a right to, and often

did, use the car for demonstration purposes after working hours, he was not doing so at the time the collision occurred.

The depositions of Harwell, Lankford, and Miss Bales we think, conclusively show that Harwell made no pretense of engaging in any business for the owner of the automobile after the demonstration, which ended at about 6:30 p. m., and that from that time on and until the collision occurred he was engaged exclusively in the pursuit of his own personal pleasure. There is no proof to the contrary, except that the president of defendant company, when interviewed by the aggrieved parties after the collision, directed them to have their automobiles repaired, stating that in his opinion his company was liable and that he would take the matter up with the attorney for his insurance carrier. This was not evidence of substantive facts upon which liability might be predicated upon the theory that the statement of the president was an admission against interest. On the contrary, he merely stated his conclusions with respect to the legal question of liability under the facts of the case. His statement, moreover, was not against interest, but was a statement against the interest of another, viz., the insurance carrier. An attempt was also made to contradict the testimony of Harwell and Lankford, but the purported contradiction does not reach their testimony regarding what we conceive to be the material issue of whether or not, at the time of collision. the automobile was being operated upon a mission for the defendant owner.

The circuit judge was of opinion that liability should be cast upon defendant, for the reason that Harwell was given general permission to use the car after working hours both for demonstration purposes and for his own personal pleasure, and on the occasion in question the car was partly filled with gasoline by defendant when it was driven out of the garage by Harwell.

It is held with practical unanimity that the mere fact that the driver of an automobile was in the general employment of the owner when an accident occurred will not make the owner liable, except it be further shown that at the time of the injury complained of the driver was on the owner's business and acting within the scope of his employment. Phillips-Buttorff Mfg. Co. v. McAlexander, 15 Tenn. App., 618.

Thus, where the driver of an automobile departed from his regular route to take a boy to see his sick mother, it was held that the employer was not liable for the driver's negligence while performing this mission. Burris v. Farrell Bros., 14 Tenn. App., 121. And see, also, Gemmell Bros. Co. v. Durham, 11 Tenn. App., 97.

There is nothing in the facts of the instant case to take it out of the general rule established by these cases which is in harmony with the prevailing rule in other jurisdictions. The test to be applied in this,

as in other like cases, is whether at the time of the accident the driver was acting as agent for the owner in operating the automobile upon some mission for the owner, and it is immaterial that Harwell had authority to use the automobile, while in his possession, in furtherance of the business of the owner; it having been conclusively shown that at the time of the collision the automobile was not in fact being used for that purpose, but for the personal pleasure of the driver. Cases decided upon similar facts, in accord with this view, include Magee v. Hargrove Motor Co., 50 Idaho, 442, 296 P., 774; Van Cleave v. Walker (Tex. Civ. App.), 210 S. W., 767; Moore v. P. J. Downes Co., 150 Minn., 333, 185 N. W., 395, and Louisville Lozier Co. v. Sallee, 167 Ky., 499, 180 S. W., 841. And see, also, 2 Blashfield's Cyclopedia of Automobile Law, p. 1398.

We conclude, therefore, that a mere presumption arose that Harwell was acting as the agent of defendant at the time of the collision when it was established that his use of the automobile at the time in question was similar to that attending its use in defendant's business, but that in this case this presumption was overcome by positive testimony which is not directly contradicted, and that defendant is not liable for the negligent act of the driver. There is no statute in this state making the owner of an automobile liable in personam for an act of the driver except upon the doctrine of respondeat superior. The judgments must therefore be rversed and the suits dismissed.

Portrum and Ailor, JJ., concur.