LAVERNE TEAGUE et al., Appellants, v. RALPH PRITCHARD et al., Appellees.—279 S. W. (2d) 706.

Western Section. March 2, 1954.

Petition for Certiorari denied by Supreme Court, July 23, 1954.

Ray W. Churchill, of Memphis, for appellants.

Charles G. Morgan, of Memphis, for appellees.

CARNEY, J. These four cases, which were tried jointly, arose out of an automobile collision on May 16, 1952, in Memphis, Tennessee, when the car of plaintiff, Edgar Teague, driven by the plaintiff, Laverne Teague, and occupied by the other plaintiffs, Peggy Millner and Marilyn Mitchell, was struck by a Ford station wagon owned by the defendant, Ralph Pritchard, negligently operated by an unidentified youth about eighteen years of age, who ran a stop light. The suits were for personal injuries and property damage to the several plaintiffs as set out in their respective Declarations. The young unidentified driver ran off immediately after the collision and has never been apprehended or identified.

The Declarations, insofar as the averments as to negligence on the part of defendants were concerned, were identical and the phraseology was as follows:

"* * * Plaintiff would show that the co-defendant, Mrs. Nancy Williams, was employed by the defendant, Ralph Pritchard, and that as such, she was permitted as part of her compensation the use and operation of the motor vehicle owned by the defendant, Ralph Pritchard; that both defendants knew that the ignition key, which locked the motor and the steering wheel, was stuck and could not be removed, and in the exercise of reasonable and ordinary care, could or should have known, that said car could be easily driven off by a stranger; that the defendant, Ralph Pritchard, had knowledge of this fact on May 16th, 1952, and for an indefinite period of time prior thereto; Plaintiff further alleges that the co-defendant, Mrs. Nancy Williams, did on or about the 16th

day of May 1952, leave the defendant Pritchard's car, unattended on Carroll Street, Memphis, Shelby County, Tennessee, with said key in the ignition and the doors to the Station Wagon unlocked, and that said co-defendant, Mrs. Nancy Williams, knew that the area in which said car was negligently parked and unattended, was in a thickly populated section of the City of Memphis; that she knew, or in the exercise of reasonable or ordinary care could or should have known, that said Station Wagon was accessible to any stranger who desired to use said car; that with this knowledge the co-defendant, Mrs. Nancy Williams, negligently left said car unattended and went to Mississippi; Plaintiff avers in this respect that the leaving of said Station Wagon, unattended in a thickly populated section of the City of Memphis, with the key in the ignition, was an open invitation to any stranger to use said car and was a manifestation of complete indifference to any consequences that might or could arise from a stranger's use of said Station Wagon; that the said negligence and anticipatory knowledge of the defendants and/or each of them, that a stranger would or could use said vehicle, and, in permitting the Station Wagon to be left unattended with the key in the ignition and the doors unlocked, in a thickly populated section of the City of Memphis, and the negligence of an anticipated user in failing to yield the right of way, was the direct and proximate concurrent cause of Plaintiff's injuries aforesaid.

"Wherefore, the Plaintiff sues the defendants and/or each of them, for $750.00 damages, and demands a jury to try the cause when issues are joined.

"Ray W. Churchill
"Attorney for Plaintiff"

Upon motion of plaintiffs the defendants were required to plead specially and the substance of such pleas was to deny any acts of negligence on the part of either of said defendants; to deny that either of the parties knew that the ignition key was stuck and could not be removed; to aver that the station wagon of defendant, Pritchard, was stolen on the night of May 16, 1952, after being left parked on Carroll Street near the scene of the collision; and to aver that the negligence of the thief in the operation of said station wagon after the theft was the sole proximate cause of plaintiffs' injuries.

Upon the trial there was material evidence to support plaintiffs' allegations of their injuries and the negligence of the unidentified driver of the station wagon in running the stop light; that the ignition key was stuck in the station wagon and could not be easily removed, and that on this particular model automobile the locking of the ignition key operated also to lock the steering wheel of the station wagon; that the defendant, Pritchard, had loaned the car to the defendant, Mrs. Williams, to collect certain rentals for Mr. Pritchard; that the car was left parked at night by Mrs. Williams during the Cotton Carnival while she had gone to Mississippi for a visit, and soon thereafter some unidentified person, without the knowledge or permission of the owner, Pritchard, or the bailee, Mrs. Williams, took said station wagon and caused plaintiffs' injuries sued on in this cause.

There was no evidence that the defendant, Pritchard, or the defendant, Mrs. Williams, knew or had any way of ascertaining the identity of the driver of the Ford station wagon.

The plaintiff sought to introduce the registration records to show that the station wagon was registered in

the name of defendant, Pritchard. Defendant objected to proof of registration, but admitted ownership, and plaintiff did not pursue question further after this admission.

Upon the conclusion of plaintiffs' proof, the defendants moved for and were granted directed verdicts in each of the four cases.

Motion for a new trial was overruled and plaintiffs' five Assignments of Error in this Court raise two questions:

First, whether the negligent acts, if such were to be found negligent by the jury, in leaving the station wagon unattended on the streets of Memphis, Tennessee, during the annual Cotton Carnival, with the keys in the same, where someone could and did steal said station wagon, were the direct and proximate cause of plaintiffs' injuries, or whether the direct and proximate cause of plaintiffs' injuries was the intervening negligence of the unidentified person who stole the station wagon and ran into plaintiff's automobile.

The second question is whether the plaintiffs were entitled to go to the jury on the presumptions set out in Section 2701 and Section 2702 of the Code.

The first question does not seem to have been decided before in Tennessee. It has arisen a number of times in other states and the cases all seem to hold that the negligence of the thief in operating a stolen car is the efficient intervening proximate cause of the plaintiff's injury, even though the owner was originally negligent in leaving the car parked in a position where it could easily be stolen. Galbraith v. Levin, 1948, 323 Mass. 255, 81 N. E. (2d) 560; Malloy v. Newman, 310 Mass. 269, 37 N. E. (2d) 1001; Curtis v. Jacobson, 1947, 142 Me. 351, 54 A. (2d) 520; Roberts v. Lundy, 1942, 301 Mich. 726, 4 N. W. (2d) 74;

Wilson v. Harrington, 1946, 295 N. Y. 667, 65 N. E. (2d) 101.

In Cockrell v. Sullivan, 1951, 344 Ill. App. 620, 101 N. E. (2d) 878, it was held that where the defendant owner parked a car without removing the keys in violation of a state statute, and the car was stolen and collided with plaintiff in the course of the flight, that the defendant's negligence in leaving the keys in the parked car was not the proximate cause of plaintiff's injury.

Also, in Anderson v. Theisen, 1950, 231 Minn. 369, 43 N. W. (2d) 272, 273, the facts were that the car had been stolen while parked with the keys left in the car, in violation of a municipal code. In that case the Court also held that the defendant owner was not liable to the plaintiff for the negligent operation of the car by the thieves. The following language is taken from the opinion of the Court in that case:

" 'The law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow.' * * *

"Hence, we hold that the negligence of the thieves in driving into the automobile of plaintiff's decedent, was an intervening efficient cause interrupting the chain of causation between defendant's act in leaving

his keys in the ignition switch and the death of plaintiff's decedent.''

We think the rule announced in the above cited cases applies to the facts of this case and, accordingly, we hold that the direct and proximate cause of plaintiffs' injuries and damages was the intervening negligence of the unidentified thief who drove Pritchard's station wagon into plaintiffs.

The plaintiffs insist that the case of Garis v. Eberling, 18 Tenn. App. 1, 71 S. W. (2d) 215, is controlling in principle. That case involved the negligence of the owner of an automobile leaving his car parked on an incline where children were accustomed to playing, and the car rolled back over and killed one of such children. That case does not involve any intervening negligence of a thief or even adult person and, therefore, we do not think it controlling in the case at Bar.

Plaintiffs also insist in their Brief that they were entitled to go to the jury under the presumptive force of Sections 2701 and 2702 of the Code. Section 2701 of the Code provides as follows:

''2701. Prima facie evidence of ownership of automobile and its use in the owner's business, when—In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle, shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose.''

Section 2702 of the Code provides as follows:

"2702. Registration is prima facie evidence of ownership; and proof that the operation was for the owner's benefit.—Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie evidence of ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment."

Section 2702 would not be applicable because the record shows very clearly that the plaintiffs failed to pursue their examination of the County Court Clerk relative to the registration of the car after the defendants' attorney admitted that the defendant, Pritchard, owned the automobile involved in the collision. (Tr. p. 97)

However, if we assume that the plaintiffs' attorney understood defendant to be admitting the registration as well as the ownership, we do not think that this would give him the right to go to the jury on the presumption created by Sections 2701 and 2702. Our Courts have often held that this presumption is rebuttable in the face of credible evidence that the car at the time of the injuries complained of was driven without the owner's permission. Wright v. Bridges, 16 Tenn. App. 576, 65 S. W. (2d) 265; Southern Motors v. Moton, 25 Tenn. App. 204, 154 S. W. (2d) 801; McMahan v. Tucker, 31 Tenn. App. 429, 216 S. W. (2d) 356. In the instant case plaintiffs' own proof rebuts the presumption and shows that the car was driven without the knowledge or permission of both defendants.

Further, it would appear that evidence to show that the car was being driven at the time of the collision by the owner or his servant for the owner's use and benefit and within the course and scope of his employment, would have been inconsistent with plaintiffs' theory of the case as set out in their Declarations, and it would not have been proper to submit such question to the jury without an amendment to the Declarations advancing such theory of liability.

Upon a motion for a directed verdict, if, viewing the evidence most favorable to plaintiff, there is any evidence to support a recovery, the Trial Court must submit the case to the jury. Oder v. Parks, 34 Tenn. App. 303, 237 S. W. (2d) 571.

From a consideration of all the evidence in an aspect most favorable to the plaintiffs, as required by our decisions, we find that the evidence was insufficient upon which a jury could predicate a verdict in favor of the plaintiffs and, hence, it was the duty of the Trial Court to direct a verdict for the defendants, as he did in this case. Lawson v. City of Chattanooga, 37 Tenn. App. 309, 263 S. W. (2d) 538, 543.

All of the Assignments of Error must be respectfully overruled and the judgment of the lower Court affirmed at the cost of the plaintiffs.

Swepston, P. J., and Avery, J., concur.