SHIRLEY DIANN YOUNG, by Next Friend,

*v.*

COSTNER-EAGLETON MOTORS, INC., Larry Lindsey and
Robert Lindsey.

RALPH YOUNG

*v.*

COSTNER-EAGLETON MOTORS, INC., Larry Lindsay and
Robert Lindsey.

379 S.W.2d 785

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

D. H. Rosier, Jr., D. K. Thomas, Maryville, for plaintiffs in error.

M. H. Gamble, Jr., Goddard & Gamble, Maryville, for defendant in error, Costner-Eagleton Motors, Inc.

Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, for defendant in error, Robert Lindsey.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Shirley Diann Young, a minor, through her father as next friend filed suit seeking damages for personal injuries sustained in a motor vehicle collision. Her father filed suit likewise seeking damages for medical expenses and property damages growing out of the same accident.

The declarations, as amended, were demurred to by both Costner-Eagleton Motors, Inc., and Robert Lindsey. After argument the trial court sustained both demurrers and this appeal resulted.

■ As to Costner-Eagleton Motors, Inc., the demurrer raised the question of the sufficiency of an allegation in the declaration charging this corporate defendant with negligence in leaving one of its for sale vehicles on its parking lot, where the public was invited, either with the switch open or a key in the switch, where it was taken by the defendant, Larry Lindsey, and subsequently involved in a collision with the Young vehicle.

We will first consider the question as to the motor company. The question as presented is whether or not this Court will extend the rule as laid down in *Justus v. Wood,* 209 Tenn. 55, 348 S.W.2d 332, 349 S.W.2d 793, and if the rule there laid down is applicable under the factual situation as set forth in these declarations. This Court in *Justus v. Wood* held that the question of whether the owner of the automobile who had left the keys in the parked car contrary to the statute, sec. 59-863, T.C.A., could have reasonably anticipated the negligence of a thief who, four hours after the theft, caused the accident while fleeing from the police who sought him for a traffic violation, was one of fact for the jury. In the *Justus v. Wood* case this Court held only that whether or not the owner-operator of a motor vehicle, who left it unattended

on a public street with the key in the ignition, was guilty of negligence is usually a question of fact for the determination of the jury, in the light of all surrounding facts and circumstances under proper instructions from the court. The Court was merely holding that the violation of the statute might under certain circumstances put liability on the owner. The Court in that case was not considering the question of when a key is left in a car parked on private property and the car is taken by a thief, but held when such car is thus left in violation of the statute a jury question is raised.

In *Teague v. Pritchard*, 38 Tenn.App. 686, 279 S.W.2d 706, this Court denied certiorari and in doing so approved the rule of absolute non-liability in the absence of an ordinance or statute. The Court of Appeals in the Teague case followed the majority view in this country. We still adhere to that view and a careful reading of our opinion in *Justus v. Wood* clearly shows that we had no intention of departing from the view expressed in the Teague case for reasons therein expressed. This statement is clearly supported by a careful reading of the opinion of the Court in the first petition to rehear in *Justus v. Wood,* wherein we again say that in the Teague case there was no statutory violation. In the Per Curiam Opinion on the second petition to rehear in *Justus v. Wood,* we again in effect express this opinion when we say:

"The Legislature in enacting this statute provided in the very first sentence of the caption of the Act that the purpose of this Act is 'to promote highway safety by regulating the operation of vehicles in Tennessee, * *.' Pub.Acts 1955, c. 329. We must ascribe to this Legislature a desire to effect a purposeful end by the language used, and in so doing, its language should be given its

ordinary meaning, the meaning which all of us give to the use of words, without distortion."

We likewise in the opinion on the second petition to rehear quoted from *Beene v. Cook,* 43 Tenn.App. 692, 311 S.W.2d 596, 600, thus:

"While this last section probably does not apply where the vehicle is parked off a public road or street, nevertheless, it is indicative of what constitutes due care in parking and leaving a vehicle unattended, especially at a place frequented by the public as in the case here."

.In the Beene case a drunk took a car which had been left where he could get it, or it was left with him to the extent that it could be anticipated by the owner of the car that such an accident might happen and thus cause the damage. We did not though in denying certiorari in the Beene case intend to apply such a rule in a factual situation wherein the car was on the private property of individuals. The only thing that the *Justus v. Wood* case held was that a violation of the statute might result in damages. In other words, it presented a factual situation that was to be determined by the jury. Quotations from other cases from other jurisdictions in the opinion to rehear in the *Justus v. Wood* case clearly show that our only purpose in that case was to apply it to a statutory violation and not to a factual situation as here shown. We take judicial knowledge of the thousands upon thousands of cars parked by motor companies in their lots for sale in all cities, along the highways and in smaller towns over the country, and must look at the impracticability of applying such a rule as here sought to these motor companies in thus parking or keeping their

automobiles. We therefore conclude that the demurrer as to the motor company was properly sustained.

█ We now come to the question of the demurrer as to Robert Lindsey under the factual situation as set forth in these declarations. The declarations charge that "the defendant Larry Lindsey was operating said Chevrolet automobile, upon the business and as the agent of his father, the defendant Robert Lindsey * * *" Following this allegation are sufficient factual allegations of negligence upon the part of the driver of the automobile, Larry Lindsey. (Larry Lindsey did not plead herein. It was agreed to await the outcome of the demurrers in these cases before filing his plea.) With allegations of this kind as to Robert Lindsey in the declarations, Robert Lindsey demurred thus:

> "The declaration does not state a cause of action against this defendant in that it fails to aver proximate negligence on the part of this defendant and fails to aver facts which, if proven would establish proximate negligence on the part of this defendant."

As said above the trial judge sustained this demurrer as to Robert Lindsey. We must disagree. The declaration avers in simple plain language that Larry Lindsey was operating this automobile on the business and as agent of Robert Lindsey. This averment meets the standard normally used in averments in declarations when alleging in a tort action that the one operating the car is the agent or servant of another. See History of a Lawsuit, Gilreath, 7th Ed., sec. 151, at page 174, where the form of a declaration for damages for personal injuries in a tort action is given. The author of this well prepared book says this: "(or by John Smith while acting as servant, agent, or representative of Dan Demon) * * *."

What more should be said of the agent or operator of an automobile than that he was operating it "upon the business and as agent of his father"? Clearly under such an allegation a factual situation is presented whereupon it became the obligation of the plaintiffs in these declarations to prove that at the time of this wreck Larry Lindsey was operating this car upon the business of his father, Robert Lindsey. Of course, the allegation of agency is a legal conclusion, but it is sufficient to say that it is being done "upon the business of", etc. As to what that business is, or was, is a factual thing and the mere statement upon the business of a certain party is sufficient.

In Volume 2, Am.Jur., Agency, at page 347, sec. 438, the very correct statement is made that:

"If the relation of agency is alleged or is required to be alleged, the usual form of averment is that the act was done or the contract was made by the 'defendant's duly authorized agent' or words of like import; this averment is sufficient to sustain evidence of any appropriate manner of authorization short of estoppel."

As we see it clearly the father might direct or authorize his son to use a stolen car (stolen by the son) in carrying out the business of the father. This presents a factual situation to be developed on the trial of the case under proper pleas on behalf of this defendant.

These lawsuits have been very interesting, well briefed and ably argued before this Court. For the reasons expressed in this opinion we affirm the action of the trial court as to the motor company, but reverse and over-rule the sustaining of the demurrer as to Robert Lindsey.

As to Robert Lindsey the cause will be remanded for further pleading consistent with what is herein said. The costs of this appeal will be equally divided between the plaintiffs in error, the Youngs, and the sureties on their appeal bond, and the defendant, Robert Lindsey. The costs below will await the outcome there.