Elizabeth Diane Martel, Appellant-Plaintiff,

*v.*

Chattanooga Parking Stations, Inc., Appellee-
Defendant.

453 S.W.2d 767.

(*Knoxville*, September Term, 1969.)

Opinion filed April 6, 1970.

Duggan & McDonald, Chattanooga, for appellant-
plaintiff.

Spears, Moore, Rebman & Williams, Chattanooga, for
appellee-defendant.

Bozeman, Special Justice, dissented.

Mr. Chief Justice Dyer delivered the opinion of the Court.

The appellant, Elizabeth Diane Martel, appeals from the action of the trial judge in dismissing, upon demurrer, her declaration for damages resulting from a vehicle collision.

The facts necessary to note are as follows: Appellee, Chattanooga Parking Stations, Inc., operates several public parking lots in Chattanooga, Tennessee. On October 18, 1968, one, Adrilene D. Bowen, drove her Pontiac automobile to one of the appellee's parking lots for the purpose of having her car parked thereon. Appellee's procedure in parking cars was for an attendant to give the owner or driver a claim check and then the attendant would park the car, leaving the key in the ignition. The car would be returned to the owner or driver upon presentation of the claim check. This procedure was followed in the case of this particular Pontiac.

When Miss Bowen returned to claim her Pontiac it was determined same had been stolen from the lot and police were informed. About 10:00 o'clock, P.M. on this date the police located this stolen Pontiac and gave chase. During this chase this Pontiac was driven by the alleged thief in a very reckless manner, resulting in the collision causing the death of appellant's husband, for which damages are here sought.

Recovery is sought against appellee on the basis that parking this Pontiac on this open lot, with the key left in the ignition, under all the alleged circumstances was negligence proximately causing the death of appellant's husband.

*Teague v. Pritchard,* 38 Tenn.App. 686, 279 S.W.2d 706 (1954), was the first in a line of cases determining the issue here. This case involved a car parked by defendants on the public street in Memphis, Tennessee, with the key left in the ignition. The car was stolen, resulting in a collision causing damages to plaintiffs while being driven in a negligent manner by the thief. The court held the negligence of the thief was an independent intervening proximate cause of the damages suffered by the plaintiffs even though defendants were originally negligent by leaving the car parked in a position where it could be easily stolen. In support of this holding the court cited a number of cases from other jurisdictions which we do not deem necessary to copy in this opinion. In the absence of a statute or ordinance on the subject this holding was, at the time of the Teague decision and now is, the majority view.

The next case pertinent to the issue here is *Justus v. Wood,* 209 Tenn. 55, 348 S.W.2d 332, 349 S.W.2d 793 (1961), which case came to this Court upon demurrer. On the issue here, there is no material difference between the facts of the *Justus* case and the *Teague* case. In the *Justus* case the defendant Wood left his car on the side of a busy highway with the key in the ignition, resulting in it being stolen. While being driven in a negligent manner by the thief, defendant's car was involved in a collision resulting in plaintiff's damages.

After the decision of the *Teague* case and prior to the *Justus* case, the Legislature enacted Chapter 329, Public Acts of 1955, which by its caption is designated a statute to promote safety on the highways. The statute defines "highway" as any public thoroughfare. The portion of the legislation pertinent to the *Justus* case is carried as T.C.A. sec. 59-863, which is as follows:

> No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

In the *Justus* case this Court held in light of the above copied statute the question of negligence under all the circumstances was a question for the jury. The holding in the *Justus* case under situations where the statute is applicable does modify the holding of the *Teague* case.

The next case pertinent to the issue here is *Young v. Costner-Eagleton Motors, Inc.,* 214 Tenn. 306, 379 S.W.2d 785 (1964). The defendant, Costner-Eagleton Motors, Inc., a used car dealer, displayed its cars on an open lot where the public was invited to inspect the cars. Defendant left the key in the ignition of one of these cars, which car was taken by Larry Lindsey without the knowledge or permission of the defendant. Larry Lindsey, driving defendant's car under these circmstances, was involved in a collision resulting in the damages sought to be recovered by plaintiff. Recovery against Costner-Eagleton Motors, Inc., was upon the alleged negligence of leaving the key in the ignition of this car under these circumstances. This Court applying the holding in *Teague*

*v. Pritchard,* supra, affirmed the action of the trial judge in sustaining the demurrer filed by Costner-Eagleton Motors, Inc. The controlling distinction between *Young v. Costner-Eagleton Motors, Inc.,* supra, and *Justus v. Wood,* supra, is that the statute, T.C.A. sec. 59-863, was applicable under the facts of the situation in *Justus* and is not applicable under the factual situation in the *Young* case. The *Justus* case involved leaving the key in the ignition of a car on a public thoroughfare. The *Young* case involved leaving the key in the ignition of a car parked on a used car lot, the private property of the defendant, Costner-Eagleton Motors, Inc.

In the case at bar the declaration does not allege there is any statute or ordinance applicable to leaving a car parked on a public parking lot with the key left in the ignition.

The only difference between the case at bar and the *Young v. Costner-Eagleton Motors, Inc.,* supra is that in the case at bar we have a car left on a public parking lot with the key in the ignition, and in the *Young* case the same situation except on a used car lot. The case at bar is controlled by the holding in *Teague v. Pritchard,* supra, and *Young v. Costner-Eagleton Motor, Inc.,* supra.

The judgment of the lower court is affirmed.

CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUTICE, concur.

BOZEMAN, SPECIAL JUSTICE, dissents (without opinion).