**810**

Mrs. Frances Reed **PARKER**, Appellant,

v.

**CHARLIE KITTLE PONTIAC COM-
PANY,** Appellee.

Supreme Court of Tennessee.

May 21, 1973.

Jerre G. Duzane, Memphis, for appellant; Apperson, Crump, Duzane & Maxwell, Memphis, of counsel.

Kenneth R. Shuttleworth, Memphis, for appellee; Nelson, Norvell, Wilson, McRae, Ivy & Sevier, Memphis, of counsel.

## OPINION

JOHN W. WILSON, Special Justice.

For convenience, the appellant will be designated as the plaintiff and the appellee as defendant.

In this action filed in the Circuit Court of Shelby County, Tennessee, the plaintiff sued for damages for personal injuries and property damages arising out of an automobile accident occurring on October 27, 1971.

The defendant's place of business is located at 2563–2580 Summer Avenue, Memphis, Tennessee, where the defendant sold and serviced new and used automobiles. It is alleged the accident occurred directly across the street from the defendant's place of business, when the automobile the plaintiff was driving was suddenly and violently struck by another automobile which had been stolen from defendant's place of business immediately before the accident and as the thief fled the scene into the street. It is alleged that the defendant's employee had negligently parked the car, which belonged to one of defendant's customers, with the key in the ignition, unattended, on an open and unprotected area of defendant's property, which was publicly frequented, and that the car was parked as described above with actual or constructive knowledge that automobiles are frequently stolen in the city of Memphis.

The declaration further alleged:

". . . that it was probable or foreseeable that a thief could or would steal a car from the Defendant, including the car stolen in this case, and that the thief could or would strike another passing

automobile on the highway at the very moment of flight from the scene of his taking, thereby inflicting injury upon such third person, including the Plaintiff. (b) It did not do all that it could or should have done in the circumstances to avoid injury to the Plaintiff, when it knew or should have known or it was probable or foreseeable that the Plaintiff could or would be injured."

The defendant filed a motion to dismiss, in the following language:

"Comes now the defendant, Charlie Kittle Pontiac Company, and moves the Court to dismiss the Complaint herein filed against it for failure of the plaintiff to state a claim upon which relief can be granted under the law of this jurisdiction in that the Complaint clearly alleges a sufficient intervening cause to remove the alleged accident from the realm of foreseeability.

. . . . ."

The motion to dismiss was heard on October 27, 1972, in Division 8 of the Circuit Court, and was sustained and the action dismissed. The plaintiff excepted and prayed an appeal to this Court.

The plaintiff assigns the following errors:

"1. The trial court erred upon the Defendant's Motion to Dismiss, in holding that the Complaint fails to state a cause of action upon which relief can be granted.

2. The trial court erred in dismissing the cause with prejudice, without permitting trial upon the evidence and submission to the Jury."

The question presented in this appeal has been discussed in four previous cases in this State. Martel v. Chattanooga Parking Stations, Inc., 224 Tenn. 232, 453 S.W.2d 767 (1970); Teague v. Pritchard, 38 Tenn.App. 686, 279 S.W.2d 706 (1954); Justus v. Wood, 209 Tenn. 55, 348 S.W.2d 332 (1961), and Young v. Costner-Eagleton

Motors, Inc., 214 Tenn. 306, 379 S.W.2d 785 (1964).

The plaintiff agrees in the brief that, had the accident occurred some hours later as a result of a traffic violation, or any other fortuitous occasion, the injuries and damages arising would not be attributable to the defendant.

However, plaintiff contends that, since the accident in the instant case occurred immediately after the stolen automobile was driven from defendant's property, then across the street, and struck plaintiff's vehicle, that the facts were sufficient to show concurrent negligence on the part of defendant, and that the defendant should have foreseen that the thief, in panic, would strike an automobile driven by a third party passing defendant's property.

The opinion in Martel v. Chattanooga Parking Station, supra, is the latest in a line of cases determining the issue we have here. In the opinion, Chief Justice Dyer discusses the other cases, including Justus v. Wood, supra. In the *Martel* case, we quote as follows:

". . . Recovery against Costner-Eagleton Motors, Inc. was upon the alleged negligence of leaving the key in the ignition of this car under these circumstances. This Court applying the holding in Teague v. Pritchard, *supra*, affirmed the action of the trial judge in sustaining the demurrer filed by Costner-Eagleton Motors, Inc. The controlling distinction between Young v. Costner-Eagleton Motors, Inc., *supra*, and Justus v. Wood, *supra*, is that the statute, T.C.A. § 59–863, was applicable under the facts of the situation in *Justus* and is not applicable under the factual situation in the *Young* case. The *Justus* case involved leaving the key in the ignition of a car on a public thoroughfare. The *Young* case involved leaving the key in the ignition of a car parked on a used car lot, the private property of the defendant, Costner-Eagleton Motors, Inc.

. . . . ."

In Teague v. Pritchard, supra, it was held that the negligence of the thief was an independent, intervening proximate cause of the damages, even though the defendants were originally negligent by leaving the car parked with the key in the ignition.

In the brief, the plaintiff refers to the escape of a panic stricken thief and his emotional pitch at the time of the accident. We are not impressed with this argument. In the *Martel* case, supra, the accident happened when the thief was trying to escape from the police and, as stated by the defendant in the brief, "Clearly the thief's emotional pitch was no different from that in the instant case."

We think the instant case is controlled by the holding in Teague v. Pritchard, supra, Young v. Costner-Eagleton Motors, Inc., supra, and Martel v. Chattanooga Parking Stations, supra.

The judgment of the trial court will be affirmed with the costs·assessed against the plaintiff.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.