**F. C. BECKENDORF, Sr.,**
**Petitioner-Plaintiff,**

v.

**Richard H. SIMMONS, d/b/a Simmons Sales Company, Respondent-Defendant.**

Supreme Court of Tennessee.

July 6, 1976.

Henry L. Klein, J. W. Kirkpatrick, Memphis, for petitioner-plaintiff; Kirkpatrick & Lucas, Memphis, of counsel.

Joe D. Spicer, Eugene Charles Gaerig, Memphis, for respondent-defendant; Holt, Batchelor, Taylor & Spicer, Memphis, of counsel.

---

## OPINION

HARBISON, Justice.

This case presents a claim against the lessee of a motor vehicle arising from its unauthorized use by an employee. Both the trial court and the Court of Appeals sustained motions for summary judgment filed on behalf of the employer. There were some conflicts as to the facts testified to by the employer and the employee in discovery depositions, which were used in support of the motion for summary judgment. We granted certiorari to consider whether the conflicts were sufficiently material to require further proceedings.

Despite some conflicting testimony, certain basic facts emerge without dispute from the pleadings and from two depositions on file. Respondent Simmons operated a small business, in which three other persons besides himself were employed. He leased a truck from a rental agency, and on September 18, 1971 this truck was involved in the accident in which the petitioner was injured. Only the claim of petitioner against the employer is involved in the present appeal.

One of the employees of respondent was Donald Wesley Piner, who was 28 years of age at the time his testimony was taken. He had been employed by respondent for about three years prior to the accident. At the time of the accident Piner was operating the leased truck contrary to the express instructions of his employer, and on a personal mission of his own. As the case comes here no liability is claimed against respondent by reason of the master-servant relationship. The testimony is uncontradicted that Piner was not using the vehicle, directly or indirectly, on any business of his employer. The accident occurred late on a Saturday afternoon. At that time Piner was heavily under the influence of alcohol.

It is clear from the record that there was no actual bailment of the vehicle by respondent to the employee. Ordinarily, of course, a bailor is not responsible to third parties for negligent acts of a bailee, but in this case there is not even a bailment rela-tionship, because the vehicle was taken contrary to the express instructions of the employer, and completely without his knowledge, according to the uncontradicted testimony.

The single theory which is advanced by the petitioner to impose liability upon the employer in this Court is one of alleged negligence in failing to anticipate that the employee might take the vehicle without authority, become intoxicated, and injure a third person. The theory cannot actually be said to be one of "negligent entrustment", as that term has generally been used in the cases, because, as previously stated, there was no actual bailment, "entrustment", or other permissive use, to sustain such a theory.

Under the testimony in the record, Piner was not by any means an habitual drunkard or an alcoholic. It is shown that he did drink to excess on some occasions, although the testimony is clear that he never drank while at work, nor while performing any authorized mission of his employer. On one previous occasion, about five months before the accident in question, Piner had been using the truck on a weekend for personal purposes, with the permission of his employer. On that occasion he exceeded the scope of the permission given, and took the vehicle to another city, where he was involved in a single-vehicle accident while under the influence of intoxicants. Respondent learned of this episode, and learned that the driver's license of the employee was suspended or revoked as a result thereof.

In the months between the incident just mentioned and the accident involved in the present case, the employer denied the employee any further permission to drive the truck for personal purposes. Both he and the employee so testified. The employer testified that he also forbade the employee to use the truck on business, and said that he had Piner driven on business missions by other employees. Piner, however, testified that he in fact did drive the vehicle on several occasions in the interval in question, to make "service calls". He also took the

vehicle for personal use several times contrary to instructions, but there is no evidence of his drinking on any of these occasions. Piner testified respondent twice discovered his unauthorized use, and Piner was reprimanded on each of these occasions by the employer.

Piner and the other employees of respondent did not work on weekends, but they did have permission to come to the employer's place of business and use equipment there for personal purposes. A key to the leased truck was in the respondent's shop, readily accessible to Piner or any other employee. The theory of negligence basically is that respondent failed to take reasonable precautions to prevent the unauthorized removal of his vehicle from the premises, when he knew that Piner was no longer a licensed driver, knew that Piner sometimes took the truck, and knew that on some occasions he drank to excess.

█ The Court of Appeals held, correctly in our opinion, that the foregoing facts were insufficient to fasten personal liability upon the employer, even construing the conflicts in the depositions favorably to the petitioner.

█ Tennessee has long recognized the principle that the owner of a vehicle who furnishes or lends it to a known incompetent driver may be liable for damages to third persons injured by the negligence of that driver. See *Rowan v. Sauls,* 195 Tenn. 573, 578, 260 S.W.2d 880 (1953); *Nicholson Construction Co. v. Lane,* 177 Tenn. 440, 150 S.W.2d 1069 (1941); *Reid v. Messer,* 33 Tenn.App. 255, 231 S.W.2d 400 (1949).

In these cases, however, there was an actual bailment or entrustment in each instance by the owner to the driver, and in each instance the driver was either intoxicated when custody was delivered, or was known to be habitually addicted to excessive drinking. In none of the cases was there an unauthorized taking of the vehicle from the custody of the owner.

In the case of *Parrish v. Yeiser,* 41 Tenn. App. 690, 298 S.W.2d 556 (1955), the owner of the vehicle in question was held not

liable as a matter of law in entrusting its custody to a youthful driver who had been known to have had an accident only a short time previously. In *Brown v. Harkleroad,* 39 Tenn.App. 657, 287 S.W.2d 92 (1955), a parent was held not guilty of negligence as a matter of law in purchasing and delivering custody of a vehicle to an adult son, despite the fact that the son had had numerous accidents, and there was evidence that he was known to be an habitually reckless and drunken driver.

In the recent case of *Dukes v. McGimsey,* Tenn.App., 500 S.W.2d 448 (1973) the bailor of a vehicle was sued when the bailee became intoxicated and injured a third person. The bailee was a youthful, unlicensed driver, and this fact was known to the bailor. The bailor further knew that the driver occasionally drank, although she testified that she had *never seen or known him* to drink to excess. On the occasion in question, she loaned the vehicle to the driver, who became excessively intoxicated and was involved in a serious accident. The trial court held the owner liable under a theory of negligent entrustment, but the Court of Appeals unanimously reversed and dismissed.

As stated, in the present case in order for petitioner to hold respondent liable, petitioner must *go further than to show a* negligent entrustment, because there was no entrustment at all, but an unauthorized taking and use of the vehicle. Such an unauthorized, non-permissive use is ordinarily insufficient even to establish extended liability insurance coverage to the driver under standard omnibus clauses found in liability policies. See *Travelers Insurance Co. v. Weatherford,* 520 S.W.2d 726 (Tenn. 1975), and cases discussed therein.

Somewhat analogous to the present case are several reported decisions in which the owner of a vehicle left the keys in his parked automobile, and the vehicle was thereafter driven by an unauthorized person, who injured the claimant.

In *Young v. Costner-Eagleton Motors, Inc.,* 214 Tenn. 306, 379 S.W.2d 785 (1964), the owner of the vehicle was an automobile

sales agency. Parked on its lot, where the public was invited, was the vehicle in question, and either the ignition was unlocked or there was a key in the switch. The vehicle was taken from the parking lot without permission of the owner, and the driver subsequently injured a third person, who sued both the driver and the owner.

Affirming the trial court, this Court held that the owner was not liable under these circumstances. The Court approved the rule laid down in the earlier decision of the Court of Appeals in *Teague v. Pritchard,* 38 Tenn.App. 686, 279 S.W.2d 706 (1954).

Citing cases from a number of jurisdictions, the Court of Appeals, in the *Teague* case, said:

".  .  . the cases all seem to hold that the negligence of the thief in operating a stolen car is the efficient intervening proximate cause of the plaintiff's injury, even though the owner was originally negligent in leaving the car parked in a position where it could easily be stolen." 38 Tenn.App. at 691, 279 S.W.2d at 709.

In the case of *Martel v. Chattanooga Parking Stations,* 224 Tenn. 232, 453 S.W.2d 767 (1970), a vehicle was parked by the owner on a parking lot. Custody was entrusted to an attendant, who parked the vehicle and left the key in the ignition. In that case the vehicle was stolen from the parking lot, and the thief fatally injured the husband of the claimant. She sued the operator of the parking lot for wrongful death of her husband, but this Court sustained the action of the trial court in dismissing the suit, deeming the case controlled by the *Costner-Eagleton Motors, Inc.,* and *Teague* cases, *supra.*

In the present case it is very doubtful that Piner was shown to be a sufficiently incompetent driver or sufficiently addicted to excessive use of alcohol to justify imposition of liability upon respondent, even had there been an actual bailment of the vehicle. See *Dukes v. McGimsey, supra.* Be this as it may, it seems clear that under the previous Tennessee decisions on the subject, personal liability should not be extended to respondent, the employer, under the facts shown here, where the taking of the vehicle was unauthorized, contrary to his express instructions, and entirely without his knowledge or consent.

We have examined with care the authorities from other jurisdictions relied upon by the petitioner, but do not find them controlling. In the case of *Crowell v. Duncan,* 145 Va. 489, 134 S.E. 576 (1926), suit was brought by an injured claimant against the owner of a taxi cab for the alleged negligence of the driver, who was both the son and the employee of the owner. The Virginia Court of Appeals held that there was sufficient evidence to establish a master-servant relationship under the facts, and in addition found that there was sufficient evidence to justify a verdict upon the basis of negligent entrustment. With regard to the latter, the Court stated the following facts which seem clearly to distinguish the case from the case at bar:

"The defendant admitted he knew his son drank intoxicants. He knew he had been arrested for transporting ardent spirits, and yet he admits that when the automobile was not otherwise engaged he permitted his son to use it at will." 134 S.E. at 582.

Permissive use or actual entrustment also existed in the case of *Levy v. McMullen,* 169 Miss. 659, 152 So. 899 (1934). There the employee was shown to have the reputation of being a public drunkard, and in addition:

"The employers put the automobile at the disposal of the servant and instructed the public garage at which the automobile was kept to allow the servant to have it whenever he called for it." 152 So. at 900.

This was also the situation in the case of *McGowin v. Howard,* 251 Ala. 204, 36 So.2d 323 (1948), in which liability was predicated upon a theory of negligent entrustment, the Court citing and relying upon the case of *Nicholson Const. Co. v. Lane,* 177 Tenn. 440, 150 S.W.2d 1069 (1941).

In the case of *Arkansas-Louisiana Lumber Co. v. Causey,* 228 Ark. 1130, 312 S.W.2d

909 (1958), there was also actual entrustment of the vehicle to the employee, who had been involved in at least four instances of driving while intoxicated, and his reputation of driving the vehicle while under intoxicants had been reported to his employers.

Negligent entrustment was also the theory of liability in the case of *State of Maryland v. O'Brien,* 140 F.Supp. 306 (D.Md. 1956).

Research reveals a number of cases presenting facts similar to those of the instant case in which the courts have declined to impose personal liability upon an employer, where an employee took the keys to a vehicle contrary to the instructions of the employer. See *Alford v. Parker's Mechanical Constructors, Inc.,* 241 So.2d 759 (Fla. App.1970); *Tinker v. Hirst,* 162 La. 209, 110 So. 324 (1926); *Fitiles v. Umlah,* 77 N.E.2d 212 (Mass.1948).

█ In the present case it cannot fairly be said from the evidence that the employee had either express or implied permission from his employer to use the vehicle in question, and we have previously pointed out that it is conceded that liability cannot be predicated upon any theory of respondeat superior. An employer is ordinarily not liable for negligence of an employee while the latter is engaged on a personal mission of his own, even though he is properly in possession of the employer's vehicle. Thus in the case of *Silver Fleet Motor Express, Inc. v. Bilbrey,* 22 Tenn.App. 244, 120 S.W.2d 997 (1938), an employee regularly took a vehicle to his home at night and on holidays, because the employer had no place to store it. The employee was not supposed to use the vehicle for personal pleasure, but on a Sunday afternoon, after taking the vehicle home on Saturday night, the employee did drive contrary to instructions and injured the claimant. The Court of Appeals held that the employer was not liable on a basis of respondeat superior, and, despite the fact that the employee was drinking at the time of the accident, found that the employer was entitled to a directed verdict as to any claim that he should have

anticipated that the employee would step aside from his employment and enter upon a mission of his own. See also *Etheridge Co. v. Peterson,* 19 Tenn.App. 530, 90 S.W.2d 957 (1935).

The judgment of the Court of Appeals is affirmed at the cost of petitioner.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.