Kevin A. **ROWE** and Cornelius **McWhorter, Appellants,**

v.

**CITY OF CHATTANOOGA, Appellee.**

and

Terry **WARE, Appellant,**

v.

Clabon E. **GREER** and City of Chattanooga, **Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 30, 1983.

Certiorari Denied by Supreme Court March 19, 1984.

Richard H. Winningham, Chattanooga, for Rowe and McWhorter.

Weill, Ellis, Weems & Copeland, Chattanooga, for Terry Ware.

Eugene N. Collins, City Atty., W. Lee Maddux, Sp. Counsel, Chattanooga, for appellee.

## OPINION

PARROTT, Presiding Judge.

In these consolidated cases, plaintiffs have appealed from the circuit judge's sustaining a motion for summary judgment in one of the cases and a motion to dismiss in the other.

The facts are practically undisputed. Chattanooga police officer Melvin Carson parked his cruiser on the private parking lot of an Allied Quik Stop and left the keys in the ignition and the motor running. While in the market, an unidentified thief stole the cruiser and a short distance away struck the plaintiffs' cars and injured them.

Plaintiffs allege that the cruiser was left parked in a "high crime neighborhood," and because of this, it was for the jury to determine liability. In Tennessee we have a long line of cases beginning with *Teague v. Pritchard*, 38 Tenn.App. 686, 279 S.W.2d 706 (1954), in which it was held that there would be no liability on the car owner when an accident occurred after the theft of the vehicle. It was held that the direct and proximate cause of the injuries and damages was the intervening negligence of the thief and not the owner's leaving the car unattended. This rule has been approved by our Supreme Court in the case of *Justus v. Wood*, 209 Tenn. 55, 348 S.W.2d 332 (1961); *Young v. Costner-Eagleton Motors, Inc.*, 214 Tenn. 306, 379 S.W.2d 785 (1964); *Martel v. Chattanooga Parking Stations, Inc.*, 224 Tenn. 232, 453 S.W.2d 767 (1970).

Appellants insist that we adopt a rule similar to the one in Minnesota, California, and Oregon, in which it was held that once the car was left in a high crime area, it was a question for the jury to determine the negligence. We do not feel that we can modify a rule of law which has been deeply established by our Supreme Court. We believe the Supreme Court cases are controlling in this state. No liability can attach when a vehicle parked on private property is stolen without showing something more than the keys were left in the ignition or some other part of the interior.

We do not believe that the allegation that the car was parked in a high-crime area is sufficient to require a trial on the merits of the cause.

Thus, adhering to and following the rules announced by our Supreme Court, we affirm the judgment as entered with costs taxed to appellants.

GODDARD, J., and JOE D. DUNCAN, Special Judge, concur.